FRANK SANDERS, Respondent, v. SIDNEY COOPER, as
Receiver, etc., Appellant.

In an action upon a policy of fire insurance, in which the identity of the
building insured is disputed, where the policy accurately describes one
building, extrinsic evidence tending to show that a building other and
different from that described was intended is inadmissible.

So, also, where the agent of an insurance company has no authority to enter into
contracts of insurance on behalf of his principal, but is simply authorized
to make surveys and receive applications, the company passing upon
them, and a policy is issued by it which covers one piece of property
definitely and distinctly described, it cannot, in an action upon the policy,
be turned into a contract insuring another piece of property on proof
that the agent made out the application and by mistake described the
wrong property.

Where the policy refers to an application for a description of the subject
of insurance, in ascertaining the subject to which the policy applies it is
immaterial whether or not the application was made by the authority of
the insured, or whether it was genuine or forged. ·

Where one of the conditions of a policy declares it void in case of other
insurance on the property insured, not indorsed on the policy or con-
sented to in writing by the insurer, the fact there was such other
insurance outstanding, the existence of which was not communicated to
or known to the company, is a breach of the condition of the policy and
renders it void.

Nor will this result be avoided by proof that the agent of the insurer made
a mistake of fact, or that the circumstances were such that by the exer-
cise of diligence he might have discovered such other insurance. To
prevent the forfeiture it must be shown positively that, as a matter
of fact, he did know of it; it is not his duty in such cases to ascertain the
fact, and his assumption that there was no such prior insurance does not
bind the company.

Reported on a former appeal, 86 N. Y. 414.

*Benninghoff* v. *Agricultural Insurance Company* (93 N. Y. 495); *Sprague* v.
*Holland Purchase Insurance Company* (69 id. 128); *Vilas* v. *New York
C. Insurance Company* (72 id. 590); *Ames* v. *New York Union Insurance
Company* (14 id. 253); *Rowley* v. *Empire Insurance Company* (36 id. 550);
*Baker* v. *Home Life Insurance Company* (64 id. 648); *Grattan* v.
*Metropolitan Life Insurance Company* (92 id. 274); *Bennett* v. *Agri-
cultural Insurance Company* (106 id. 243); *Van Schoick* v. *Niagara Fire
Insurance Company* (68 id. 434); *Richmond* v. *Same* (79 id. 230); *Short*
v. *Home Insurance Company* (90 id. 16) distinguished.

(Argued June 7, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 4, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and also an order denying a motion for a new trial.

This action was upon a policy of insurance issued by the Watertown Fire Insurance Company, of which company the defendant is receiver, to the plaintiff, upon his "two-story dwelling-house."

The material facts are stated in the opinion.

*A. H. Sawyer* for appellant. It is an error of law to find a material fact, when there is a total absence of evidence to sustain it, and that error in law is reviewable in this court. (*Pollock* v *Pollock*, 71 N. Y. 137–140; *Murray* v. *Harway*, 56 id. 346; *Mason* v. *Lord*, 40 id. 477.) The court erred in its charge to the jury in reference to the application. (*Kirkland* v. *Dinsmore*, 62 N. Y. 171, 178; *Ervin* v. *N. Y. C. Ins. Co.*, 3 T. & C. 213; *Edington* v. *M. L. Ins. Co.*, 67 N. Y. 191; *Rogers* v. *C. R. Ins. Co.*, 34 N. W. Rep. 202; 72 Iowa, 448; *F. and M. F. Ins. Co.* v. *Meckes*, 10 Ins. Law Jour. 707; 38 Leg. Intell. 317; *L. Ins. Co.* v. *Storrs*, 11 Ins. Law Jour. 519; 39 Leg. Intell. 139; *P. M. A. Society* v. *Conley*, 11 Ins. Law Jour. 493; *Guy* v. *Mead*, 22 N. Y. 462; *Halsey* v. *Sinsebaugh*, 15 id. 485, 488; *Morrow* v. *Ostrander*, 13 Hun, 219; *Mayor, etc., of N. Y.* v. *Second Ave. R. R. Co.*, 102 N. Y. 572, 578.) The court below erred in denying the motion for a new trial upon the minutes, upon the ground that the verdict was contrary to law. (*Baptist Church* v. *B. F. Ins. Co.*, 28 N. Y. 153, 161; *Hughes* v. *M. Ins. Co.*, 55 id. 265; *N. Y. Ice Co.* v. *N. Ins. Co.*, 31 Barb. 72.) The maxim "*falsa demonstratio non nocet*," is applicable to the description of the tenant-house as contained in the application (*Bryce* v. *L. Ins. Co.*, 52 N. Y. 240, 245; *Mead* v. *W. Ins. Co.*, 64 id. 453; *Ford* v. *Joyce*, 78 id. 618, *Bartholomew* v. *M. Ins. Co.*, 34 Hun, 263; *Miaghan* v. *H. Ins. Co.*, 12 id. 321; *Paine* v. *Jones*, 75 N. Y. 593.)

*A. D. Wales* for respondent. The question of which house was insured was properly submitted to the jury. (19 Hun, 176 ; *Sprague* v. *H. P. Ins. Co.*, 69 N. Y. 128 ; *Vilas* v. *N. Y. C. Ins. Co.*, 72 id. 590 ; *Clinton* v. *H. Ins. Co.*, 45 id. 463 ; 86 id. 414 ; *Ames* v. *N. Y. M. Ins. Co.*, 14 id. 260 ; *Grattan* v. *M. L. Ins. Co.*, 92 id. 274 ; 80 id. 282 ; *Baker* v. *H. L. Ins. Co.*, 64 id. 648 ; *Flinn* v. *E. L. Ins. Co.*, 78 id. 568 ; *Bennett* v. *A. Ins. Co.*, 15 Abb. N. C. 234 ; 106 N. Y. 243 ; *Mutual* v. *G. Ins. Co.*, 76 id. 416 ; *Poughkeepsie Bk.* v. *M. Ins. Co.*, 30 Hun, 474 ; *Mowry* v. *Rosendale*, 74 N. Y. 360 ; *Arthur* v. *H. F. Ins. Co.*, 78 id. 462.) In allowing the jury to consider the application at all the charge of the court was more favorable to the defendant than the law would warrant. (19 Hun, 176 ; 86 N. Y. 414.) The court properly submitted to the jury the question of the agent's knowledge of prior insurance. (86 N. Y. 417 ; *Short* v. *H. Ins. Co.*, 90 id. 16.) The agent having knowledge the company is estopped from setting up this defense. (*Benninghoff* v. *A. Ins. Co.*, 93 N. Y. 495 ; *Van Schaick* v. *N. Ins. Co.*, 68 id. 434 ; *Richmond* v. *N. Ins. Co.*, 79 id. 30 ; *Dresser* v. *U. F. Co.*, 45 Hun, 302 ; *Watson* v. *A. Ins. Co.*, 24 Week. Dig. 214 ; *Fowler* v. *S. Ins. Co.*, 20 id. 515 ; *Woodruff* v. *R. F. Ins. Co.*, 32 Hun, 366.) No indorsement was required on the policy of this prior insurance. (*Haight* v. *C. Ins. Co.*, 92 N. Y. 51 ; *Bennett* v. *N. B. Ins. Co.*, 81 id. 273 ; *Woodruff* v. *I. Ins. Co.*, 83 id. 134 ; *Short* v. *H. Ins. Co.*, 90 id. 16.) The agent having made the mistake in the application with regard to the question of double insurance, the company is estopped from setting it up. (*Sprague* v. *H. P. Ins. Co.*, 69 N. Y. 128 ; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 481 ; *Bennett* v. *A. Ins. Co.*, 106 id. 243 ; *Higgins* v. *P. Ins. Co.*, 10 Hun, 459 ; *Flinn* v. *E. L. Ins. Co.*, 7 id. 7 ; *Tallman* v. *A. F. and M. Ins. Co.*, 4 Abb. Ct. App. Dec. 345 ; *Rowley* v. *E. Ins. Co.*, Id. 131 ; 36 N. Y. 550.) The private instructions of the company to the agent did not and could not bind the plaintiff and should not have been admitted in evidence.

(*Ins. Co.* v. *Wilkinson*, 13 Wall. 222; Story on Agency, §§ 308, 452; *E. N. Y. & J. R. R. Co.* v. *Lighthall*, 36 How. 481; *Lightbody* v. *N. A. Ins. Co.*, 23 Wend. 18; *Downer* v. *Carpenter*, 1 Hun, 591; *Goodrich* v. *Thompson*, 44 N. Y. 324; *S. L. Ins. Co.*, 6 Week. Dig. 541; *Talmage* v. *Nevious*, 2 Sweeny, 38; *Kelly* v. *F. B. C. Co.*, 4 Hun, 261; *Munn* v. *Commission Co.*, 15 Johns. 44; *Tradesmen's Bk.* v. *Astor*, 11 Wend. 89; *Mott* v. *C. Ice Co.*, 73 N. Y. 543; *Rounds* v. *D., L. & W. R. R. Co.*, 3 Hun, 329; 64 N. Y. 129; *Baxter* v. *Warner*, 6 Hun, 585; *Hay* v. *Cohoes Co.*, 3 Barb. 42.)

ANDREWS, J. Two defenses are relied upon; *first*, that the building burned was not the building mentioned in the application and survey, and insured by the policy; and, *second*, that when the policy in question was issued there was a prior insurance on the building destroyed, in the Glens Falls Insurance Company, not consented to by the Watertown Fire Insurance Company, whereby, by the terms of the policy sued upon, it became void. The defendant, to establish the first defense, relied upon the following facts: (1.) The policy, by its language, insures Landers in the sum of $800 "on the property described in the application and survey bearing even date therewith, and which is hereby referred to as forming a part of the policy, viz.: $800 on his (Landers) two-story dwelling-house, Afton, N. Y." (2.) The application on which the policy was issued describes the property to which the application relates as situated in Afton, N. Y., and being a tenant-house, two stories high, sixteen by twenty-four, with wing sixteen by twenty-four, with two chimneys, and located sixty feet south of the dwelling-house of Landers (the applicant), and sixty feet west of a barn. This is an accurate description of the tenant-house, near the dwelling-house of Landers, with the exception that its height is one and a half stories, and not two stories. (3.) On the back of the application is a survey and diagram showing the dwelling-house, the tenant-house (consisting of a main part and wing), and the barn, their relative positions, and under the tenant-house is the word

"risk." (4.) The mill-house (the house burned) was situated half a mile from the dwelling-house of Landers, and was also a tenant-house. It was a building two stories high, twenty by thirty feet in size, without any wing, and having but one chimney. It was distant, at the nearest part, thirty-seven feet from a steam mill of Landers. It corresponded in no respect with the building described in the application and survey, with the single exception of height. (5.) The application and survey were forwarded by Cannon, the agent, to the office of the company at Watertown, and the policy was issued thereon and mailed by the company to Landers. The company had no information as to the risk, or of any negotiations between Cannon and Landers other than was disclosed by the application.

The plaintiff, notwithstanding this apparently conclusive evidence that the house insured was the tenant-house and not the mill-house, has recovered for the loss by fire of the mill-house, upon certain extrinsic proof submitted to the jury. It was shown that Landers, prior to the issuing of the policy in question, held two policies of insurance in the Glens Falls Insurance Company, of $800 each, one on the tenant-house (near his dwelling-house), expiring July 1, 1873, and one on the mill-house expiring May 1, 1874, each for three years at the same rate of premium. The local agent of the Glens Falls Insurance Company, in the spring or summer of 1873, removed and sold out his business to Cannon, the local agent of the defendant's company, who transferred to him, among other things, an " expiration book," in which the two policies to Landers were entered, one entry being " Thomas Landers, Glens Falls; number of policy, 197; property, Afton, $800 ; premium, $4.80; expiring 1st of July, 1873," and the other " Thomas Landers, Glens Falls Insurance Company ; number, 351 ; farm property in Afton, $800.00 ; premium, $4.80 ; rate, 60c.; expiring the 1st of May, 1874." It will be noticed that the entries do not show on their face to what particular building they severally apply. The plaintiff's version of the circumstances which preceded the issuing of the policy in

question is substantially that the agent Cannon in the spring of 1873 met Landers and informed him that the policy on the mill-house was about expiring, and asked him if he did not want it renewed, stating that the former agent of the Glens Falls Company had left, and he (Cannon) had his papers and was doing his business, and that he was the agent of the Watertown Fire Insurance Company, which was a good company, and solicited Landers to take a policy in that company, to which he finally consented. The testimony of Landers to the point that the negotiation with Cannon related to a renewal of the policy on the mill-house is corroborated, to some extent, by other members of his family. The policy which expired in July, 1873, was the policy on the tenant-house. The policy on the mill-house did not expire until May, 1874. It was the policy on the tenant-house which needed to be renewed, and not the policy on the mill-house. But Landers relied, as he claimed, on the assurance of Cannon that it was the policy on the mill-house which would expire first, and thereupon authorized him to procure a new insurance upon that building. Within a short time after the conclusion of the negotiation, Cannon made out the application and survey and signed the name of Landers to the application, and forwarded them to the defendant. The application and survey, as has been shown, related to the tenant-house, and not to the mill-house. Cannon, on the trial, contradicted the testimony of Landers and his witnesses as to the fact that the negotiation between himself and Landers related to the mill-house, and testified that the tenant-house was pointed out by Landers as the one upon which the policy was about to expire, and that the proposition on his part to procure a new policy, related to the tenant-house and not to the mill-house. Upon this state of facts and the additional fact testified to by Landers, that he did not authorize Cannon to sign any application and that he had no knowledge of the application or survey until after the fire, the court submitted to the jury to find whether the application was authorized by Landers, and instructed them that if it was made without his

authority or knowledge and he did not know of the representations therein, they should disregard the application and survey, and determine the case upon the point whether the negotiation between Landers and Cannon related to the mill-house, and instructed them, in substance, that if they found that it did relate to the mill-house, and not to the tenant-house, the policy covered the mill-house and the plaintiff was entitled to recover. The defendant, before the submission of the case to the jury, moved that the case should be dismissed on the grounds, among others, that the policy did not cover the mill-house, but the tenant-house, and that assuming the policy covered the mill-house, there was a prior existing insurance thereon not consented to by the defendant.

We think the case was tried and submitted to the jury upon an erroneous view of the law. The action was brought distinctly and solely upon the policy of August 1, 1873, and to enforce the contract of insurance contained in that instrument. The building burned was the mill-house, and unless the policy was upon that building the plaintiff did not establish the cause of action alleged in the complaint. The subject of the insurance is to be ascertained from the description in the policy and such extrinsic evidence as may be necessary to identify the property described. But extrinsic evidence which goes beyond the purpose of aiding in the interpretation of the written contract, and tends to show that the subject thereof was other and different from that described in the written instrument, that is to say, in this case, that the building intended to be insured was the mill-house, although not the building actually covered by the policy, while it might tend to establish a case for the reformation of the contract, would be inadmissible to sustain an action to enforce the contract as written, as though it applied to the building intended to be covered, but not described in the policy. The policy was issued upon a written application and survey made by Cannon, the local agent of the company, in the name of Landers, and forwarded by the agent to the

main office of the company. The company approved the application and thereupon issued and mailed the policy to Landers. It must be assumed upon the finding of the jury that the negotiation between Cannon and Landers related to an insurance on the mill-house, and not on the tenant-house; and, further, that the agent in making the written application and signing Lander's name thereto, and in making the survey and diagram of the premises, acted without Landers' authority, and that Landers had no knowledge of the representations made by the agent to the company until after the fire.

The evidence leaves no possible room for question that the company, when it issued the policy, intended to insure the tenant-house, and not the mill-house. Nor can there be any doubt that the policy describes the tenant-house, and not the mill-house, as the subject insured. It is quite impossible to treat this policy as a contract insuring the mill-house, if the application and survey are considered in ascertaining the subject of insurance. It is only by rejecting them that the subject is left in any possible doubt. This the trial court permitted the jury to do, upon the theory that the representations in the application and diagram were the unauthorized acts of the agent, and were not, therefore, binding upon Landers. In substance, the court permitted the jury to strike from the written part of the policy the clause referring to the application and survey, and to regard only the words, " $800 on his (Landers) two-story dwelling-house," which, standing alone, describe with sufficient accuracy the mill-house, and then to find that the policy was one upon the mill-house, as the agent Cannon and Landers intended.

The court treated the case as analogous to those which hold (1) that a contract of insurance is not defeated by a misrepresentation as to some fact material to the risk, or made so by the terms of the contract, contained in an application prepared by the agent in the name of the insured, but without his authority, and upon which the company acted in issuing the policy. (*Benninghoff* v. *Agricultural Ins. Co.*, 93 N. Y. 496; *Sprague* v. *Holland Purchase Ins. Co.*, 69 id. 128;

*Vilas* v. *N. Y. C. Ins. Co.*, 72 id. 590; *Ames* v. *N. Y. Union Ins. Co.*, 14 id. 253.) (2.) To the class of cases where the agent having been authorized by the insured to fill out the application in his name, misstated, by mistake or inadvertence, the information given by the insured, and thereby misled the company. (*Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550; *Baker* v. *Home Life Ins. Co.*, 64 id. 648; *Grattan* v. *Metropolitan Life Ins. Co.*, 92 id. 274; *Bennett* v. *Agricultural Ins. Co.*, 106 id. 243.) (3.) To the cases which hold that a company cannot insist upon a condition declaring the contract to be void if a certain fact or situation exists not represented to the company and indorsed on the policy, provided the company or its authorized agent knew the fact or situation relied upon to defeat the contract at the time the contract was made. (*Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Richmond* v. *Same*, 79 id. 230; *Short* v. *Home Ins. Co.*, 90 id. 16.) In none of these cases was there any question as to the subject of the insurance. In all of them it was conceded that the policy covered the building or property destroyed by the fire. The matters alleged as constituting a defense related to some incident of the contract or to the performance of some condition collateral to the express object of the contract. In cases falling within the two classes of cases first mentioned the fault was committed by the agent of the defendant, and it is held that, as between the company and the insured, the company should bear the loss. In cases of the third class it is held that it could not have been the intention that the policy should be defeated by reason of an omission to communicate facts known to the company when the contract was made, or the failure to have the written recognition of the company of their existence. The courts in these cases apply the doctrine of waiver or estoppel to prevent fraud or injustice.

But the principle which relieves the party insured from responsibility for unauthorized representations, made by the agent of the insurer in respect to some incident of the risk,

and permits them to be disregarded in an action to enforce the contract, has no application where the point in issue is as to the subject of the insurance, and the contract is explicit upon that point. If the contract of insurance relates to one definite and distinct subject, it cannot be turned into a contract for the insurance of another and different subject on proof that the agent of the company, by mistake, described the wrong property in his application. The agent's authority here was to "make surveys and take applications for insurance." He had no authority to enter into contracts of insurance in behalf of the company. The company passed upon the applications and accepted or rejected them in its discretion. In determining the question whether the policy issued covered the mill-house or the tenant-house, the papers on which the company acted were material evidence. In ascertaining to which subject the policy applied, it is immaterial whether the application was made by the authority of the insured or not, or whether it was genuine or forged. There must be a meeting of minds between the parties to a contract before a contract is formed. If the facts show that the company intended to insure the tenant-house, and the written contract applies to that house, the plaintiff cannot recover in this action, although he may have intended to procure an insurance on the mill-house, and by the agent's fault the application was made to refer to the tenant-house. If there is any remedy against the company for the mistake or carelessness of the agent, it is not available in an action to enforce a contract relating to one subject, as if it were a contract relating to another subject. I am not aware of any principle in the law of estoppel which prevents the defendant from showing that the contract relates to the tenant-house, or which justifies the court in excluding from the consideration of the jury, in the determination of the issue, the application and survey upon which the company acted, because made without the authority of the insured by the company's agent. We are of opinion that the defense that the policy was not upon the mill-house, but was upon the tenant-house, was

clearly established, and that upon this ground a nonsuit should have been granted.

The second defense of prior insurance is also, we think, a barrier to a recovery. It is a condition of the policy that "if the insured shall have, or shall hereafter make any other insurance on the property hereby insured, not indorsed, known, or consented to by this company or its authorized agent, in writing, this policy shall be void." This defense proceeds on the assumption that the policy was a contract insuring the mill-house. It is conceded that Landers had an insurance on the mill-house in the Glens Falls Insurance Company for $800, existing when the policy now in question was issued, and which ran to May 1, 1874, and no indorsement of the prior insurance was made on the policy in question, nor is there any written consent to its existence by the Watertown Insurance Company or its agent. This *prima facie* was a breach of the condition and rendered the policy of the latter company void. (86 N. Y. 414.) The answer made is that Cannon knew of the prior policy. He knew that there was a policy on the mill-house, and also on the tenant-house. But the strongest position for the plaintiff, which the evidence justifies upon this point, is that Cannon believed, and so represented to Landers, that the policy on the mill-house was the one expiring July 1, 1873, whereas it was the policy on the tenant-house which expired at that date. The most that can be said is that the agent made a mistake as to the facts. But this was not equivalent to notice of an outstanding insurance so as to charge the company. The plaintiff, to avoid the effect of the condition, was bound to show that, as matter of fact, the agent knew of the outstanding insurance. It was not sufficient to relieve the plaintiff that the agent was put upon inquiry, or might by the exercise of diligence have ascertained the truth. The insured, who had procured the policies in the Glens Falls Company, could not rely upon the assurance of the agent, himself making no investigation, and cast the burden of the

agent's mistake upon the Watertown Insurance Company. It was not the agent's duty to ascertain the fact as to prior insurance, and his assumption that no such insurance existed did not bind his principal.

For the errors stated the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.