SAUNDERS v. AGRICULTURAL INS. CO. OF WATERTOWN.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

INSURANCE—ACTIONS ON POLICY.

The owner of a two-story house, with a one-story addition, in which the owner lived, situated on one side of a highway, and of a barn and a wagon house, situated on the other side of the highway, applied for insurance on all the buildings. The policy issued insured $500 on barn No. 1, occupied by a tenant, $650 on hay and grain in barn No. 1, $200 on wagon house, and $450 on wagons, carriages, and horses in the barn, but contained no insurance on the dwelling. Part of the dwelling was used for storing grain. *Held*, that the policy did not cover the dwelling house, but only the barn and wagon house on the other side of the highway.

Appeal from circuit court, New York county.

Action by Aimee Saunders against the Agricultural Insurance Company of Watertown. From a judgment for plaintiff, entered on a verdict, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. H. Sawyer, for appellant.

Geo. Richards, for respondent.

INGRAHAM, J. At the end of the case the defendant asked the court to direct a verdict, upon the whole evidence, in favor of the defendant, upon the ground that it clearly appeared from the testimony that the building which was destroyed by fire was not the building that was insured by the defendant. This motion the court denied, and the defendant excepted. The only question, as conceded by the parties, was whether or not the building destroyed was the building insured by the defendant. We think that this motion should have been granted, and that there was no evidence to justify a finding of the jury that the building that was destroyed by fire was the building insured. The evidence in the case is substantially uncontradicted as to the situation of the premises at the time the policy of insurance was issued. Upon one side of the road was a building that the witness described as "a story and a half or two-story house, with these additions,—one story additions." "The main part of the house was a story and a half, or two stories." It was in this building, thus described as a house, that the insured and her family lived, and the only building upon the place that could be called a residence. Upon the opposite side of the highway from this building designated as a dwelling house were two buildings,—one called by the witness "Barn No. 1," and the other a wagon house. They were separated from each other. The barn was composed of three connected buildings; the wagon house, one building, standing by itself. A diagram was admitted in evidence, which showed the location of these buildings with the highway, and which was testified to as correct by the person who made it. With this situation of the property, there was one building on which the owner resided, another building which was used for barn purposes, and another that was used as a wagon house. The insured applied to the defendant for insurance upon

all the buildings, and in consequence of that application the policy in question was issued. That policy insured $500 on barn No. 1, occupied by a tenant, $650 on hay and grain in barn No. 1, $200 on wagon house, and $450 on wagons, carriages, and horses in the barn, but contained no insurance upon the dwelling. The building that was destroyed by fire was the building standing by itself, which was the only building on the premises used as a dwelling. Bearing in mind this situation of the premises, and the absence of any evidence showing a contrary intention, we think it is clear that the building insured was not the building occupied by the owner as a residence, but was the building that was designated on the plan as "Barn No. 1." The policy expressly insured wagons and sleighs, carriages and harness, in the barn. The horses and cattle were kept in this building designated as "Barn No. 1" upon the diagram. None of these things was kept in the building known as the "dwelling house." There was also insured the grain kept in the barn No. 1, and the evidence is that there was no grain kept in that barn, but that the grain was kept in a part of the building designated as a "dwelling house." While the description used in the policy is to some extent ambiguous, at the same time the distinction is drawn in the form of the policy itself between a dwelling house, a barn, and a wagon house. In it the dwelling was not insured, yet, strictly speaking, the building that was burned was a dwelling house; for in it the owner dwelt, and there was no other place upon the premises that could come within that description. On the other hand, the building known as "Barn No. 1" was a barn used for the purpose of keeping cattle, and in it was kept straw, although no grain was kept there. Considering this condition of the premises in question, no one reading this policy could understand, where a dwelling house was not insured, and a barn was, but that the policy applied to the building that was not destroyed, and not to the building that was.

We think, therefore, that the court erred in refusing to direct a verdict for the defendant upon the whole evidence, and that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.