SAUNDERS v. AGRICULTURAL INS. CO. OF WATERTOWN, N. Y., et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

I. INSURANCE—PROPERTY INSURED.
   Insured, who applied for and supposed she received insurance on all her farm buildings, received a policy reading: "$500 on barn No. 1. (Stamped)—Occupied by tenant." "$650 on hay and grain in barn No. 1." "$200 on wagon house,"—and other specified items, amounting in all to $1,800. Before application, her dwelling house had been burned, and rooms had been finished off in the granary barn on the north side of the road, in which lived a hired man with his wife and child and insured's husband. This building was also used for storage of grain, some hay, and a considerable number of farming implements. On the south side of the road were two other barns, connected together, consisting of a stable for horses and cattle, bays for hay and straw, and a wagon shed. There was no tenant on the premises, and no grain in the buildings on the south side of the road, and no one could live in them. *Held*, that it could be properly found that the building insured was that on the north side of the road.

2. SAME—DECLARATIONS.
   Declarations in the report of a person appointed by an insurer to survey premises for which insurance was asked, but to which attention of insured was never called, are not admissible against her.

**3. SAME.**
    Declarations, in report of one appointed by an insurer to make survey
    for premises for which insurance was asked, that he would not recom-
    mend insurance on a certain building, do not aid in solving the ambiguity
    in the policy as to the building insured.

**4. SAME—APPLICATION.**
    Mere expressions in application for insurance tending in terms to contra-
    dict the policy are not admissible for such purpose, the application not be-
    ing made part of the policy, or referred to in any way.

**5. SAME—EVIDENCE.**
    A fire policy on certain of insured's farm buildings, issued by another
    than defendant, and expiring just before issuance of policy by defendant,
    is not admissible to show what buildings were insured by defendant's
    policy.

Appeal from trial term, New York county.

Action by Aimee Saunders against the Agricultural Insurance Com-
pany of Watertown, N. Y., impleaded with Sophie Courtois, on a
fire policy issued by defendant company to defendant Courtois, payable
to plaintiff mortgagee as her interest should appear.   The policy re-
ferred to in the opinion as the "Greenwich Policy" was one issued by
the Greenwich Insurance Company, covering certain of the farm build-
ings involved in this case, and which expired just before issuance of
the policy sued on.   From a judgment on a verdict for plaintiff, and
from an order denying a new trial, defendant appeals.   Transferred
from First to Second department.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

A. H. Sawyer, for appellant.
George Richards, for respondent.

HATCH, J.   The main question presented by this appeal is the
defendant's claim that the property which was destroyed by fire was
not covered by the policy of insurance issued by it.   In construing
policies of insurance, effect is to be given to all the words used in the
policy, construed as nearly as may be determined in the sense in
which they were used; and, if the words create an ambiguity, or are
susceptible of two interpretations, that interpretation which will sup-
port the claim of the insured and cover the loss sustained will be
adopted.   Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E.
856; Same v. German-American Ins. Co., 6 App. Div. 550, 39 N. Y.
Supp. 547.   Where the expressions which identify the property in-
sured are uncertain, resort may be had to parol proof to identify the
property and clear up the ambiguity.   Bowman v. Insurance Co., 2
Thomp. & C. 261, affirmed on appeal, 59 N. Y. 521.   The conceded
facts in this case are that the insured applied to the agent of the
defendant for insurance to be placed upon all her farm buildings,
situate in Palmyra, Pike county, Pa.   The application was made to
the agent in New York, who transmitted it to the defendant, and the
agent subsequently procured a survey of the property to be made by
an agent in that locality, and upon his report the defendant issued
the policy in question.   The insured had previously suffered loss by
fire of the dwelling house on the property, upon which she had no in-
surance.   Some four years prior to the issuance of the present policy

the insured finished off two rooms in what had before been known as the granary barn. This improvement consisted in putting new windows in the building up stairs and down, new doors and floors, with plastering inside and clapboarded outside. Thereafter she lived in these rooms in the summer, coming to New York in the winter, her husband remaining upon the premises. At the time the survey of the premises was made there was living in these rooms a hired man with his wife and child and the husband. The man was not a tenant of the place, but lived there during the term of his employment. This structure had some additions to it, and in the rooms occupied were stored grain and vegetables for the use of the family and for seeding; and in the structure adjoining some hay and a hay cutter were kept, the latter being used by the husband to cut hay for the animals upon the place. This granary barn had always stood as a part of the farm buildings, and the only change which was made in its character was the finishing off of the rooms as above described. It was, and continued to be, used for the storage of grain, some hay, and a considerable number of farming utensils. This building was situate on the north side of the road. On the south side were two other barns, although they were all connected together. These consisted of a stable for horses and cattle, bays for the storage of hay and straw, and a wagon shed for the storage of wagons and other vehicles and machines used about the farm. The policy, while having blanks for a dwelling house, does not appear to be filled in; and no dwelling house as such was insured. In other respects it reads: "$500 on barn No. 1. (Stamped) —Occupied by tenant." "$650 on hay and grain in barn No. 1." "$200 on wagon house,"—and other specified items, amounting in all to $1,800. At the time of the delivery of the policy nothing was said as to the particular structures which were embraced within its terms, and the insured supposed that all of her buildings were insured. It is now claimed by the defendant that the granary barn was in fact a dwelling house, and as such was not covered by the terms of the policy; while it is asserted by the insured that barn No. 1 was intended for the structure which was consumed by fire. It is conceded that one barn was insured, and that the contents of that barn, consisting of "hay and grain," were also insured. The proof at the trial tended to establish that the barn upon the southerly side of the road, while used for the storage of hay and straw, had never been used for the storage of grain, and that at the time when the insurance was effected, and subsequent thereto, no grain whatever was stored therein, nor expected to be, but that in fact grain was stored in the structure on the north side of the road, and also hay, together with other articles, and there is no proof to show the contrary; so that, so far as the description of contents insured is concerned, there was nothing to which the insurance could apply in its entirety except the contents of the structure on the north side of the road. It is not pretended that at any period these premises were occupied, either in whole or in part, by a tenant, either in the sense of occupation of the land or of the structures thereon. The insurance of $500 is positive upon barn No. 1, and the word "Stamped" opposite can have no meaning unless applied to some building which was occupied. No

person could live in the structures on the south side, and no significance can be attached to such statement unless it be held to relate to the structure on the north side of the road. As to that it was testified by the person who made the survey that when he was there the hired man and the wife and child, as well as the husband, were living in these rooms. The only reasonable interpretation that can be placed upon these words and give them any effect is that the hired man was regarded as a tenant, and the designation was for purposes of identity, as there is no other possible condition to which it could apply. Under the authorities already cited, the court is clearly justified in construing those words as applicable to the occupation of the building on the north side of the road. At least it may safely be said that the jury were authorized so to find, and upon such finding to conclude that the building on the north side was the building intended to be covered by the policy. We conclude, therefore, that the court below committed no error in refusing to grant the motion to dismiss plaintiff's complaint, or to direct a verdict in favor of the defendant.

We do not think the court committed any error in rejecting the letter written by the agent in New York to his agent in Pennsylvania. There was nothing contained therein except the direction to make a survey, and it was conceded that a survey of the premises was made and submitted. The letter itself was entirely immaterial, and, if it could be regarded as error, it was harmless.

So far as the application, which was excluded, was concerned, it appears affirmatively that none was ever made by the insured to any agent. Her application was oral, and contained in her letter, which was introduced in evidence; and she could in no wise be bound by any statement contained in the proposed application. So far as the report was made by a person who made the survey, his declarations were not admissible as binding upon the insured. It was not the act of the insured in any sense. Her attention was never called to it, and she could not be bound by it. The application was not made a part of the policy, nor is it referred to in any way; and mere expressions tending in terms to contradict the policy would not be admissible for such purpose. In Sanders v. Cooper, 115 N. Y. 279, 22 N. E. 212, the entire transaction was had with the insured in respect to the survey of the building, and the application itself was, by the terms of the policy, made a part of it. It was there held competent for the purpose of showing the transaction between the parties themselves, and the property intended to be insured. In the present case the declaration of the surveyor is in no sense binding, as it was not communicated to the insured, and she had no knowledge whatever of it. Nor do we think that it is admissible for the purpose of showing the conditions under which the defendant issued this policy. A declaration by the agent or surveyor that he would not recommend the insurance upon a given building certainly could not be received to contradict the terms of the policy insuring such building; and where all the facts were given showing the location and existence of the building in connection with the terms of the policy, and from which the finding is had, it cannot be aided in construction by the surveyor's declaration that he would not recommend insurance of such structure. Such

declaration in no sense aids in solving the ambiguity of the policy, which alone authorizes parol testimony.

We also think no error was committed in excluding the Greenwich policy, for, whatever were its contents, it could have no binding force upon what was contained in the present policy, nor would it in any view tend to the identification of the property embraced within the present policy. We know of no principle upon which it can be received.

If anything we have said is in seeming conflict with the decision of the First department in Saunders v. Insurance Co., 2 App. Div. 223, 37 N. Y. Supp. 769, we are brought to the conclusion that our views presently harmonize with the views of that court as expressed in the Rickerson Case, supra, subsequently decided.

The judgment should be affirmed, with costs. All concur.