AMERICAN SURETY COMPANY OF NEW YORK, Respondent, *v.* PATRIOTIC ASSURANCE COMPANY, LTD., Appellant.

**Appeal — insurance (fire) — contract — warranty — Court of Appeals without authority, on appeal from unanimous affirmance of verdict, to consider whether motion for nonsuit should have been granted because of breach of warranty on face of contract — question of interpretation presented by exceptions to evidence — interpretation of clause of insurance binder describing location — misdescription, constituting breach of warranty — rule that inconsistent line of description may be disregarded where there is a complete description without it not applicable to insurance contract — description of location is a warranty — error to receive in evidence a lease of shed to show that insurance covered other land than described in contract — error to charge that misrepresentation was not a defense unless intentionally made — that defendant had means of ascertaining location of property insured does not excuse misrepresentations.**

1. On appeal from an unanimous affirmance of a judgment entered upon findings which set forth the terms of a contract an argument is permissible as to its interpretation and effect but, on appeal from an unanimous affirmance entered upon a verdict, defendant cannot successfully argue that the complaint should have been dismissed on its motion for a nonsuit because of a breach of warranty appearing from the face of the contract sued upon.

2. In this action, however, to recover upon a contract of fire insurance, the question of the interpretation of the contract is presented by exceptions to the admission of evidence. Furthermore, the trial justice while refusing to grant a nonsuit, did instruct the jury that in order to find a verdict for the plaintiff it must find that the property insured was located at the time of the fire within the area described in the binder and not elsewhere, which finding was impossible if our interpretation of the description is correct.

3. An insurance binder describing the location in which property insured was supposed to be as " about 250 ft. west of Berry St., running abt. 175′ on N. 13th and 80 ft. deep " means an area which commences and all of which is 250 feet from Berry street and cannot be interpreted as meaning an area of which the middle line is that distance west of Berry street. The use of the word " about " does not cover any such discrepancy in the description, but, in any event, the description means a parcel of land 80 feet deep from the boundary

street, there being no qualifying word as to depth, and, where it appears that this depth would not come within a considerable distance of the place where was actually located the property insured, there is a misdescription as to location, constituting a breach of warranty which prevents the insured from recovering on the contract for a loss.

4. The rule that an inconsistent line of description may be dropped out and disregarded, where there is a complete description of a parcel of land without it, is not applicable. The description in the binder of the parcel as being 250 feet west of Berry street is quite essential to the location and complete description of the premises intended to be bound by it and is a warranty, the truth of which is a condition precedent to any liability on the part of the insurer.

5. It was error to receive in evidence a lease made to plaintiff of certain premises described as " a one story shed on North 13th Street on the north side of said street beginning about 250 feet west of Berry Street," etc. The description in the binder was free from ambiguity. It was not of a shed but of a parcel of land and there was no justification for the attempt to show by a reference to the shed mentioned in the lease that the description in the binder covered some other parcel of land than it did.

6. It was also error for the court to charge in effect that plaintiff's alleged misrepresentation that the property insured was located " in the open " when as a matter of fact it was stored in a shed would not be a defense to this action unless such misrepresentation was knowingly and intentionally made. In an action upon a contract of fire insurance all that is necessary for defendant to show is that the contract being invoked against it was induced by representations which were false and material and upon which reliance was placed in executing the contract.

7. A contention that defendant had maps of this neighborhood and that by use of such maps coupled with personal investigation might have discovered the true location of the insured property and that because it might have done this and did not do it plaintiff is relieved of any unfavorable consequences of what was erroneously placed in its binder and inaccurately stated by its agent, cannot be sustained. A person making a material misrepresentation in an application for insurance cannot be relieved from the consequences thereof by showing that the other party by the exercise of sufficient diligence and pains might have discovered the falsity of the representation. (*Sanders* v. *Cooper*, 115 N. Y. 279, followed.)

*American Surety Co.* v. *Patriotic Assurance Co.*, 213 App. Div. 819, reversed.

(Argued December 19, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 2, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Frank Sowers, George Richards* and *F. O. Affeld, Jr.,* for appellant. The words of the standard policy, " while located and contained as described herein but not elsewhere," are a warranty by the insured that property is covered only within the described location. (*Hicks v. British Am. Assur. Co.,* 162 N. Y. 284; *Lipman v. Niagara Fire Ins. Co.,* 121 N. Y. 454; *Heilbrunn v. German Alliance, Ins. Co.,* 140 App. Div. 557; *Bryce v. Lorillard Fire Ins. Co.,* 55 N. Y. 240; *Bahr v. Natl. Fire Ins. Co.,* 80 Hun, 309; *London Assurance Corp. v. Thompson,* 170 N. Y. 94; *Village of L'Anse v. Fire Assn. of Phila,* 119 Mich. 427; *British American Ins. Co. v. Miller,* 91 Tex. 414; *Imperial Fire Ins. Co. v. Coos County,* 151 U. S. 452.) The premises or subject-matter of the contract to which the written contract is to be applied by the court, are portrayed upon maps which, in order to eliminate any occasion for dispute, were stipulated upon the record by counsel for the respective parties to be correct. This court has jurisdiction to examine written contracts and the stipulated maps, and, if unambiguous, to pass upon the meaning and legal effect of the contract sued upon as applied to the stipulated maps of description. (*Hartigan v. Casualty Co. of America,* 227 N. Y. 175; *Poel v. Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Stemmler v. Mayor of N. Y.,* 179 N. Y. 473; *Townsend v. Masterson,* 15 N. Y. 587.) We contend that, as matter of law, the description of location in the binder is unambiguous and applicable only to the area as claimed by the defendant, and that, therefore, it was error for the trial court to leave to the jury the determination of the location covered by the binder. (*Fairchild v. Insurance Co.,* 51 N. Y. 65; *London Assurance Corp. v. Thompson,* 170 N. Y. 94.) It was

reversible error to charge that the defendant, to sustain its defense of misrepresentation respecting the location of the property to be insured was required to prove intent to defraud and deceive and all the elements of fraud. (*Armour* v. *Transatlantic Ins. Co.*, 90 N. Y. 450; *Eastern D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Leary* v. *Geller*, 224 N. Y. 56; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861; *Fay* v. *Metropolitan Life Ins. Co.*, 119 Misc. Rep. 715; *Hicks* v. *British Am. Assur. Co.*, 162 N. Y. 284; *Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454; *Clarke Construction Co.* v. *City of New York*, 229 N. Y. 413.)

*William Otis Badger, Jr., Paul D. Compton* and *Milo Otis Bennett* for respondent.   The description in the binder sufficiently described the location of the subject-matter of the insurance.   (Kerr on Ins. p. 62, § 34; *London Assurance Corp.* v. *Thompson*, 170 N. Y. 94; *Bahr* v. *Nat. Fire Ins. Co.*, 80 Hun, 309; *Burr* v. *Broadway Ins. Co.*, 16 N. Y. 267; *Curnen* v. *Law Union & Rock Ins. Co.*, 159 App. Div. 493; *LeGendre* v. *Scottish U. & N. Ins. Co.*, 95 App. Div. 562.)   It was the duty of defendant to investigate the risk promptly and to consult its maps and determine whether it had been correctly advised as to the details of the risk.   Defendant could not rest on the statements of the insured and sustain a defense of breach of warranty as to location.   (Joyce on Ins. [2d ed.] 1850; *Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 312; *Alterman* v. *Home Ins. Co.*, 112 Misc. Rep. 445; *De Noyelles* v. *Del. Ins. Co.*, 78 Misc. Rep. 649; *Curnen* v. *Law Union, etc., Ins. Co.*, 159 App. Div. 493; *Scharles* v. *Hubbard*, 74 Misc. Rep. 72; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 387; *Myer* v. *Idlewood Assn.*, 146 N. Y. Supp. 469; *Woodruff* v. *Imp. Fire Ins. Co.*, 83 N. Y. 133; *Van Schoick* v. *Niagara F. Ins. Co.*, 68 N. Y. 435; *Haight* v. *Cont. Ins. Co.*, 92 N. Y. 53.)   The court did not err in charging that the defendant was required to prove that the misrepresen-

tation, if any, was fraudulent. The origin and history of the doctrine of constructive fraud as applied to misrepresentations and concealments in insurance cases demonstrate that the rule cannot be applied to actions on fire insurance policies to the same extent as to causes involving marine losses. (Richards on Insurance Law [3d ed.], 117; *Seaton* v. *Heath*, 1 K. B. 782; *Clarkson* v. *Western Assn. Co.*, 33 App. Div. 23; *Ruggles* v. *General Int. Ins. Co.*, 4 Mason, 81; *Green* v. *Merchants' Ins. Co.*, 10 Pick. 402; *Hartford Protection Ins. Co.* v. *Harmer*, 2 Ohio St. 452.)

*Frank C. Laughlin* for New York Board of Fire Underwriters et al., *amici curiæ.* Irrespective of whether or not the representation as to the location of the property insured was fraudulently made, the plaintiff is precluded by the contract of insurance from recovering against the defendant. (*O' Neill* v. *Goodman Contracting Co.*, 169 App. Div. 917; *Thompson* v. *United Traction Co.*, 147 App. Div. 392; *Ford* v. *Wanamaker*, 165 App. Div. 284: *Hicks* v. *British Am. Assur. Co.*, 162 N. Y. 284; *Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557; *Graham* v. *Fireman's Ins. Co.*, 87 N. Y. 69; *Armour* v. *Trans. Fire Ins. Co.*, 90 N. Y. 450; *E. P. D. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861.) The charge of the court that the false material representation of fact as to the location of the property insured did not defeat its right to recover under the insurance contract is contrary to and in direct conflict with the well-settled principles of contract and insurance law. (*Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 240; *Bush Terminal Co.* v. *G. & R. Fire Ins. Co.*, 182 App. Div. 748; 228 N. Y. 575; *Acione* v. *Commercial Union Ass. Co., Ltd.*, 182 App. Div. 822; *Rosalind Realty Co.* v. *Western Ins. Co.*, 179 App. Div. 706; *Levinton* v. *Ohio Farmers Ins. Co.*, 110 Atl. Rep. 295; *Armour* v. *Transatlantic Fire Ins. Co.*, 90 N. Y. 450; *Bloomquist* v.

*Farson,* 222 N. Y. 375; *Leary* v. *Geller,* 224 N. Y. 56; *E. D. P. Dye Works* v. *Travelers Ins. Co.,* 234 N. Y. 441; *Sparer* v. *Travelers Ins. Co.,* 185 App. Div. 861; *Evans* v. *Columbia Fire Ins. Co.,* 40 Misc. Rep. 316; *Kasprzyk* v. *Met. Life Ins. Co.,* 79 Misc. Rep. 261; *Fay* v. *Met. Life Ins. Co.,* 119 Misc. Rep. 715.)

HISCOCK, Ch. J.   Plaintiff was the owner of a large amount of cement which it desired to have insured. Through a firm of insurance brokers who became its agents and representatives it made application to another firm of insurance brokers who represented defendant and other insurance companies for the issuance of insurance originally fixed at $55,000 and subsequently increased to $65,000.   Plaintiff's application and the insurance now claimed against defendant were accepted and effected, if at all, by means of a binder prepared and submitted by plaintiff's brokers to defendant's agents.   This binder was only intended to effect temporary insurance and was comparatively brief in form, but it is conceded that it was subject to all of the clauses, warranties and conditions which would be found in a New York Standard Fire Insurance policy.   As presented by plaintiff through its representatives and accepted by defendant's brokers and agents it made defendant liable to the extent of $15,000 insurance upon the cement which was subsequently destroyed, unless the purported insurance is vitiated by one or both of two circumstances.

Defendant claims that the description in the binder of the place where the cement was claimed to be located was materially erroneous and that this description was in the nature of a warranty and its correctness a condition precedent to any validity of the insurance.   It also claims that when some question arose in connection with the proposed binder about the situation of the cement plaintiff through its agent made a representation which was inaccurate and material and that for this

reason also the contract of insurance became nugatory. We do not understand it to be claimed that these misstatements were intentionally false or fraudulent.

The binder which was presented to defendant's representatives described the subject of the insurance as cement and other building materials and " location North 13th Street, Bklyn., N /S of Street about 250 ft. west of Berry St., running abt. 175' on N. 13th and 80 ft. deep." " N /S " is conceded to mean the north side of Thirteenth street. If this description is interpreted to mean an area commencing 250 feet from Berry street and with a depth of 80 feet from the line of North Thirteenth street by which it was bounded it concededly did not include by a considerable space the shed in which was located the cement and we shall consider the interpretation of the description later.

When the binder was first presented to defendant's representatives some question arose as to the character of the area understood to be described and it is claimed by defendant and denied by plaintiff that in answer to questions by one of defendant's agents plaintiff's representative who was presenting the binder stated in effect that the cement was " in the open " and that this statement was verified a few days later when a binder was again presented by plaintiff's brokers to defendant's brokers for the purpose of having the insurance increased and that defendant's broker in accepting the binder and writing the insurance relied on this representation. As a matter of fact the cement was not in an open space but was stored in one of a series of sheds or buildings which, according to some of the evidence, were more or less dilapidated and inflammable thereby increasing the risks of the insurer.

There is evidence that at the office of defendant's agents where these binders were presented there were no maps of this location but that in another office which was brought into the consultation there were maps of the

location specified in the binder and that it was because such maps showed that part of the area described in the application was occupied by a building that inquiries were made which led to the representation by plaintiff's agent that the cement was in the open and not in said building.   It is also stated that this particular building was of brick and cement and, therefore, from the insurance standpoint much different than the wooden one in which the cement was actually stored.

These are the substantial facts upon which are presented the defenses to plaintiff's claim and it is argued in respect of the first proposition that this incorrect description of the location of the property caused such a breach of warranty and failure of a condition precedent that the complaint should have been dismissed, and in respect of the second proposition that the trial justice in submitting the question of alleged misrepresentation of the location of the cement in the open committed substantial error by charging in effect that such misrepresentation was not a defense unless it was intended to be false and fraudulent.

In view of the unanimous affirmance, of course, defendant cannot successfully argue that the complaint should have been dismissed because of misdescription of location on its motion for a non-suit.   Its counsel confuses this case where there is a verdict with cases where there have been findings which set forth the terms of a contract and thus permitted an argument as to its interpretation and effect.   We think, however, that the question of the interpretation of the description in the binder of the location of the cement and of the effect of misstatements therein, if such there were, are presented to us by exceptions to the admission of some of plaintiff's evidence.   It is also to be noted that the trial justice while refusing to grant a nonsuit, did instruct the jury that in order to find a verdict for the plaintiff it must find that the cement was located at the time of the fire within the area described

in the binder and not elsewhere, and which finding was impossible if our interpretation of the description is correct.

We think that there is no ambiguity in, or doubt concerning the interpretation of, the description included in the binder and that when the latter described the location in which the cement was supposed to be as " about 250 ft. west of Berry St., running abt. 175′ on N. 13th and 80 ft. deep " it meant an area which *commenced,* and all of which was, 250 feet from Berry street and that it cannot be interpreted as meaning, as suggested by plaintiff's counsel, an area of which the middle line was 250 feet west of Berry street.   Of course, we do not overlook the use of the word " about " in connection with the course of 250 feet.   The effect of this or similar words in a description is to be gauged largely by the circumstances of the particular case.   It would cover and excuse a larger variation in a description of farm lands for instance than of more valuable lands in the city.   Most frequently perhaps its use is to adjust a course or a prescribed distance to the location of a controlling monument or boundary.   We do not think that it would cover any such discrepancy in the description in the binder as would be necessary to adjust the latter to the actual location of the cement.   But even if we should escape the difficulties for plaintiff caused by the statement of the distance from Berry street of the parcel described in the binder there would remain other difficulties which seem to us insuperable.   The parcel is described as located " on North 13th Street " and " running about 175 feet on N. 13th and *80 feet deep*."   This description means a parcel of land 80 feet deep from the boundary of North Thirteenth street, there being no qualifying word " about " and this depth, as we understand the descriptions, would not come within a considerable distance of the place where was actually located the cement.   Neither do we overlook the claim made in behalf of plaintiff that an inconsistent line of description

may be dropped out and disregarded where there is a complete description of a parcel of land without it. That rule is not applicable here. The description in the binder of the parcel as being 250 feet west of Berry street is quite essential to the location and complete description of the premises intended to be bound by it.

The provisions of the New York Standard Fire Insurance policy of which we may take judicial notice provide that the insurer insures against damage by fire to the property described in the policy " while located and contained as described herein * * * but not elsewhere." The description is a warranty, the truth of which is a condition precedent to any liability on the part of the insurer. (*Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 240; *Bahr* v. *Nat. Fire Ins. Co.*, 80 Hun, 309; *London Assurance Corp.* v. *Thompson*, 170 N. Y. 94.) Thus on the evidence now presented it appears to us, subject to the consideration hereafter of certain claims made by plaintiff, that in the misdescription of the location of the insured property inserted by it in the binder proffered to defendant's representatives, the plaintiff was guilty of a breach of warranty which prevents it from recovering.

In this connection it may also be stated that it was error to receive in evidence the lease made to plaintiff of certain premises and whereby apparently plaintiff intended to identify the parcel described in the binder with the one on which was actually located the cement. The description in this lease was of " a one story shed on North 13th Street on the north side of said street beginning about 250 feet west of Berry Street," etc. The description in the binder in our opinion was free from ambiguity. It was not of a shed but of a parcel of land and there was no justification for the attempt to show by a reference to the shed mentioned in the lease to plaintiff that the description in the binder covered some other parcel of land than it did.

Likewise, defendant's objection was well made to that

part of the charge which in effect instructed the jury that plaintiff's alleged misrepresentation that the cement was located " in the open " when as a matter of fact it was stored in a shed, would not be a defense to this action unless such misrepresentation was knowingly and intentionally made. Independent of the fact that the policy contained an express provision that it should be " void if the insured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof " the trial justice confused the general rules applicable to a plaintiff seeking to recover damages at law for fraudulent misrepresentation and those applicable to a defendant who sets up the defense, to an action to hold him liable on a contract that such contract was procured by material misrepresentations. In the former case it is true as stated by the justice that the plaintiff must establish that the alleged misrepresentations were not only false but were known to be so by those making them and that they were made for purposes of deceit. (*Reno* v. *Bull*, 226 N. Y. 546.) That, however, is not the rule in the second class of cases referred to. The defense there set up is in its nature an equitable one and a party who is defending is entitled to succeed under the same rule that would be applicable if he were seeking as plaintiff to procure a rescission of a contract by reason of false representations. In either case all that is necessary to be shown is that the contract being invoked against him was induced by representations which were false and material and upon which reliance was placed in executing the contract. We know of no difference between actions on fire insurance policies and life insurance policies in this respect. (*Armour* v. *Transatlantic Fire Ins. Co.*, 90 N. Y. 450; *Leary* v. *Geller*, 224 N. Y. 56; *E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861, and cases there cited.)

It seems to be urged in reply to the defenses predicated

upon misdescription of the location of the insured property and misstatement of its location in an open yard rather than in a shed that defendant had maps of this neighborhood and that by use of such maps coupled with personal investigation it might have discovered the true location of the insured property and that because it might have done this and did not do it plaintiff is relieved of any unfavorable consequences of what was erroneously placed in its binder and inaccurately stated by its agent. The underlying thought in this argument seems to be that there is no reason for a rule charging an applicant for insurance with the ordinary consequences of misrepresentation if the insurer has the means of ascertaining that such misrepresentation has been made.

In the first place it appears that some one of defendant's agents did make an examination of insurance maps in connection with the binder proposed by plaintiff, but of course such examination did not disclose that the description of location given in the binder was incorrect and it was in an attempt to discover, as alleged, more about the actual location of the cement that the misrepresentation was made that it was in the open yard. But aside from this answer we know of no novel or exceptional rule which covers the subject of misrepresentation in the case of insurance policies and so far as we are aware it has never been held by any authority of substantial weight that a person making a material misrepresentation in an application for insurance will be relieved from the consequences thereof if he can show that the other party by the exercise of sufficient diligence and pains might have discovered the inaccuracy of the representation. Undoubtedly many cases can be found where it has been held that a party who knew or was chargeable with knowledge of the facts would not be allowed to defend against his contract on the ground that he had been misled by a misrepresentation of facts so within his

knowledge.   Such is the effect of the case of *O'Rourke* v. *Hancock Mut. Life Ins. Co.* (23 R. I. 457), relied on by the plaintiff.   But the general rule applicable to this case that an applicant for insurance cannot be relieved from a misrepresentation on the ground that the insurer might have discovered its falsity is sufficiently stated in *Sanders* v. *Cooper* (115 N. Y. 279).

For all of these reasons the judgments should be reversed and a new trial granted, with costs to abide event.

CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.