ROBERT COLIN et al., Copartners under the Name of COLIN BROS., Respondents, *v.* HAMILTON FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

(Argued June 6, 1929; decided July 11, 1929.)

*Martin A. Schenck, Nicholas F. Lenssen* and *William J. Carr* for appellant. The representation that the risk was brick was " indicated " in the policy as a warranty of description. Its falsity vitiated the policy. (*American Surety Co.* v. *Patriotic Assurance Co.*, 242 N. Y. 54; *Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 240; *Burritt* v.

*Saratoga Mutual Fire Ins. Co.,* 5 Hill, 188.) Plaintiffs are not entitled, on any theory of ambiguity, to a construction of this warranty so as to include their twelve frame buildings as extensions and additions to the later built accessory engine house. (*Nosonowitz* v. *Eagle Indemnity Co.,* 123 Misc. Rep. 667; *Chase* v. *Hamilton Ins. Co.,* 20 N. Y. 52; *Northrup* v. *Porter,* 17 App. Div. 80; *Fowler* v. *Ætna Fire Ins. Co.,* 6 Cow. 673; *Rosalind Realty Co.* v. *Western Ins. Co.,* 179 App. Div. 706; *Electrone Auto Music Co.* v. *Richmond Ins. Co.,* 122 Misc. Rep. 673; *Wall* v. *East River Mutual Ins. Co.,* 7 N. Y. 370.)

*David Goldstein, Thomas G. Frost* and *Alex Davis* for respondents. Under a proper construction of the policy of insurance sued on herein, plaintiffs were protected against loss by fire on a brick building and on all " extensions and additions thereto," whether the latter were of brick or frame structure. (*Herrman* v. *Merchants Ins. Co.,* 81 N. Y. 184; *Allen* v. *St. Louis Ins. Co.,* 85 N. Y. 473; *Rickerson* v. *Hartford Ins. Co.,* 149 N. Y. 313; *Gertner* v. *Glens Falls Ins. Co.,* 193 App. Div. 841; *Exchange Underwriters Agency* v. *Bates,* 195 Ala. 161; *Sternaman* v. *Metropolitan Life Ins. Co.,* 63 N. Y. Supp. 674; *Hoffman* v. *Ætna Ins. Co.,* 32 N. Y. 413; *White* v. *Hudson River Ins. Co.,* 15 How. Pr. 288; *Legendre* v. *Scottish Union & National Ins. Co.,* 95 App. Div. 562.)

O'BRIEN, J. In this action to recover for loss and damage by fire, the defense of material misrepresentation of the risk is pleaded. The policy by its terms insures the " brick building or buildings, extensions and additions thereto, * * * it being the true intent of this policy to cover everything pertaining to the service of, or belonging to the above mentioned building or buildings, extensions and additions thereto." It provides that material representations made by or for the assured of facts and circumstances concerning this insurance are so indicated thereon and that none other shall be claimed

to have been made and also that the entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof.

The group of buildings owned by plaintiffs and insured by defendant consisted of fourteen structures, only one of which was brick. The others were timber. Many units of this cluster were in direct physical contact. They had formerly been occupied as a tannery but plaintiffs had converted one of the frame buildings into a factory for the manufacture of clothing and left all the others vacant. The brick structure had been erected at a time subsequent to the construction of the wooden buildings and, when the tannery was in operation many years ago, had sheltered an engine and a pump. When this policy was issued, it had been partially dismantled and had fallen into disuse.

We think that, as matter of law, the pleaded defense has been proved. Concluding that the purpose of the policy was to cover the entire plant, no justification can be found for an inference that the property was described with any resemblance to the facts. A group of thirteen frame structures to which is annexed one unused, dismantled brick building, cannot fairly be represented as a " brick building or buildings, extensions and additions thereto." The single brick building might be regarded as an extension or addition to the one occupied wooden building or to the numerous vacant wooden structures. The risk was a frame risk with brick as the most trivial incident. One unfamiliar with the fact and deriving information only from the language inserted in the policy would naturally infer that the risk was brick with wood as a possible incident and would become the victim of the grossest misrepresentation. No evidence indicates that defendant knew the truth to be different from the representation which appears on the face of the policy. The fact that by the exercise of diligence it might have dis-

covered the falsity of the representation does not relieve the person making it from the consequences of his act. (*American Surety Co.* v. *Patriotic Assur. Co.,* 242 N. Y. 54, 65; *Sanders* v. *Cooper,* 115 N. Y. 279, 289; *O'Connor Transp. Co., Inc.,* v. *Glens Falls Ins. Co.,* 198 App. Div. 136, 143.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.