■ FRANK ANTUN et al., Respondents-Appellants, v. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and LONG ISLAND HOME MOVERS, INC., Respondent-Respondent. (Action No. 1.) (And Another Title.) — In two consolidated actions by plaintiffs to recover for fire damages, defendant New York Central Mutual Fire Insurance Company in Action No. 1 appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered October 16, 1973 as is in favor of plaintiffs against it in the sum of $11,105.64; and plaintiffs cross-appeal from so much of said judgment as dismissed their complaint against defendant Long Island Home Movers, Inc., in Action No. 1 and defendant Preller in Action No. 2. (The judgment appealed from does not contain any decretal provision dismissing plaintiffs' complaint against defendant Preller. On court's own motion, the judgment is amended so as to include such decretal provision.) Judgment modified, on the law, by striking the first decretal paragraph thereof, and by substituting therefor a provision granting defendant New York Central Mutual Fire Insurance Company judgment against plaintiffs, and dismissing plaintiffs' complaint against it. As so modified, judgment affirmed, without costs. Plaintiffs instituted this action against the defendant insurer based on fire insurance policy issued by the latter. Plaintiffs alleged that the premises in question were covered at the time of the fire and that defendant insurer failed to pay the amount of the loss, after due and timely demand. The policy itself gives the following description and location of the premises: " S/S Richfield Avenue and E/of Morgon Street a/k/a Richfield Avenue, Hicksville, Nassau, New York ". It is conceded that S/S stands for " south side ". The policy further provides that the insured was protected against " all DIRECT LOSS BY FIRE * * * to the property * * * while located or contained as described in this policy * * * but not elsewhere ". Based on these provisions the defendant insurer interposed an affirmative defense against plaintiffs' complaint alleging that plaintiffs had moved the building without its insurer's consent and knowledge to a temporary location on the opposite side of the highway where the fire occurred; that this action by plaintiffs constituted a breach of warranty under the policy of insurance and that there was therefore no liability incurred by the insurer under the policy of insurance. At the trial, plaintiffs' own proof indicated that at the time of the fire the building was at a temporary location on the north side of Richfield Avenue, having been moved there from

the south side of Richfield Avenue which is the location specified in the insurance policy. Plaintiff's main witness also admitted that before making the move they had not spoken of it with anyone connected with the defendant insurer. At the end of plaintiffs' case, defendant insurer moved to dismiss the complaint against it on the ground that a prima facie case had not been proved. The insurer argued that the conceded fact that the building had been moved from its location as described in the policy to a new location constituted a breach of warranty precluding liability of the insurer under the policy. The Trial Justice denied the motion, and after defendant insurer rested without calling any witnesses, the Trial Justice, upon plaintiffs' motion directed a verdict for plaintiffs against the defendant insurer. The Trial Justice held that moving the house from one location to another was an increased hazard; and that the insurance policy contained a provision (§ VI, subd. B) which waived the policy condition suspending the insurance "while the hazard is increased". In this the Trial Justice erred. It is well settled that the description of the location of insured property is a warranty, the truth of which is a condition precedent to liability on the part of the insurer (*American Sur. Co. of N. Y.* v. *Patriotic Assur. Co.*, 242 N. Y. 54; *Bryce* v. *Lorillard Fire Ins. Co.*, 55 N. Y. 240). The conceded act of plaintiffs in moving the insured building without the insurer's consent from its location described in the policy constituted a breach by plaintiffs of that warranty. Nor can the policy provision waiving suspension of coverage for an increased hazard save plaintiffs' cause of action in view of the explicit language of the policy limiting coverage to the property at the location specified therein. Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.