A. SOMERFIELD *v.* STATE INSURANCE COMPANY.

A policy of insurance conditioned to be void for other insurance, either existing or future, without consent, will be avoided by a subsequent policy of which no notice is given, although it contain the same condition.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

R. McPHAIL SMITH for plaintiff in error.

J. C. BRADFORD for defendant in error.

COOPER, J., delivered the opinion of the court.

Somerfield sued the State Insurance Company on a policy of insurance against loss by fire. The suit was successfully defended, and the plaintiff appealed in error.

On February 26, 1877, the State Insurance Company issued to the plaintiff Somerfield a policy of insurance in the sum of $400 on his stock of goods in a certain store, insuring the stock against loss by fire for one year. The policy contained this condition: "If the assured shall have, or shall hereafter obtain any additional insurance on the property hereby insured, or any part thereof, without the consent of this company endorsed hereon, the policy shall be void." On October 13, 1877, the plaintiff procured from the German American Insurance Company another policy of insurance on the same stock for $500, insuring against loss by fire for one year, of which no notice was given to the State Insurance Company. The policy of the German American contained this condition: "If the assured shall have, or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of this company written thereon, the policy shall become void." On December 20, 1877, the property insured was destroyed by fire.

The trial judge held that the second policy constituted over insurance within the meaning of the condi-

tion of the policy sued on, although the second policy was itself subject to be avoided by the existence of the first policy, of which the German American company was shown to have had no notice. Error is assigned on this ruling.

This case does squarely raise the question sought to be raised, and which was considered in the case of the *Royal Insurance Company* v. *McCrea, Maury & Co.* The question was not directly presented in that case, or in the other cases connected therewith, in all of which opinions have been this day delivered, because the over insurance relied on in those cases was occasioned by the taking out of a policy neither void, nor voidable for that or any other reason. There was, therefore, valid over insurance as to all the policies sued on in violation of substantially the same condition in each, and the question, upon that state of facts, was what effect the avoiding of some of these policies by the over insurance would have upon the other policies equally avoidable by the same insurance. In the suit now before us, the second policy is avoided by the existence of the first policy without notice, and the first policy is equally avoided by the existence of the second policy without notice, if the ruling of the trial judge is correct.

We found in the case of the Royal Insurance Company that the authorities on the subject under consideration were hopelessly in conflict, and that what appeared to be the current of those authorities had not met the approval of this court when the question was before it at a previous term. We now find from the

form of the condition of the policy of the German American Insurance Company, that the insurance companies are themselves meeting the current of authority by providing that the other insurance shall be fatal "whether valid or not." And the learned counsel of the plaintiff argues that the State Insurance Company must go and do likewise before it can resist the current. But it seems to have been intimated by one court that such a clause is itself void: *Gee* v. *Ins. Co.*, 55 N. H., 65.

The reason assigned to sustain the position taken by the larger number of American cases is that the additional insurance stipulated against is valid insurance, and valid at the time of the loss. And the courts adopting the position, are logically compelled to hold that insurance, void or voidable at the time, is not over insurance within the condition, although the ground of avoidance be afterwards waived, and the insurance paid. The result is in such cases that the insured becomes entitled to collect by law the double insurance against which the condition was intended to guard. The same result occurs *pro tanto* where the second company compromises with the insured by buying its peace. Decisions which necessarily lead to such a result cannot be sound. Moreover, if the doctrine be applied to merely voidable insurance, the court, in a suit upon one policy may be required to try the validity of other policies, and that too without being able to make a decision binding between the parties to those policies. After a policy has been thus incidentally brought in question, and declared valid or invalid, it

may be sued upon, and the court, with the aid of the parties then directly interested, may come to a different conclusion.    It cannot be that the rights of parties under one contract can be made to depend upon the rights of other parties under a different contract. Certainly, the condition in question was not intended to turn upon the event of a lawsuit between third parties, nor to look to the state of affairs which may exist at the happening of a loss.    It was intended to prevent the assured from having, or taking out other insurance, which he supposes to be valid, and the condition' is broken when the additional insurance exists. The rule now prevailing was originally adopted in a case like the one before us, where the subsequent insurance was itself invalidated by the pre-existing policy. But if adopted at all, it must be extended to all cases within its reason.    And, in that view, as said by the supreme court of Ohio, there can be no distinction between a policy voidable on its face, and voidable for extrinsic matter.    The subsequent insurance is either valid or void, and, in either event, the question is was it insurance: *Ins. Co.* v. *Holt,* 35 Ohio, 189.    We think that the condition intended that the subsequent insurance should work a forfeiture whether enforceable or not.

Affirm the judgment.