ARNOLD  v.  INSURANCE  Co.

(*Nashville.*   February  2,  1901.)

INSURANCE, FIRE.   *Policy rendered void by double insurance.*

A fire policy, taken out by the assured's agent, containing this clause, viz.: "This entire policy, unless otherwise provided by agreement indorsed hereon, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," is rendered void by the act of the assured in taking out a subsequent policy on the same property, although he did it without knowledge of his agent's act, where his want of knowledge is imputable to his own negligence.

Case cited: Somerfield v. State Ins. Co., 8 Lea, 547.

FROM  DAVIDSON.

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

W. D. COVINGTON for Arnold.

C. C. SLAUGHTER for Insurance Co.

McALISTER, J. This is a suit upon a policy of fire insurance. The Chancellor and .the Court of Chancery Appeals concurred in adjudging the policy noncollectible upon the ground of double insurance. The complainant has again appealed.

22 P—34

The policy contained this clause, to wit: "This entire policy, unless otherwise provided by agreement indorsed hereon, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The case was decided on demurrer. The bill alleged that complainant was the owner of certain household goods and furniture; that he spoke to a friend about having them insured, and that on the eleventh of October this friend took out a policy for him in defendant company. Complainant, however, alleges that his friend had failed to inform him that he had procured this insurance, and that in ignorance of this fact, complainant, on November 1, 1899, nineteen days thereafter, also procured a policy on the same goods in the Williamsburg Fire Insurance Company. It is further shown that on the night of November 27, 1899, this property was destroyed by fire; that on the morning after the fire agents representing both companies called to adjust the loss, and then it was for the first time that complainant learned that his friend had taken out a policy for him. Complainant undertook to explain to the agents how this double insurance happened, but both disclaimed any liability, and repudiated the policies. Complainant alleges in his bill that the double insurance was unintentional and an innocent mistake; that complainant did

Arnold *v.* Insurance Co.

not see his friend from the time he agreed to procure a policy for him until after the fire, nor did he know the first policy had been issued; that not hearing from his friend, and in ignorance of the issuance of the first policy, and believing that his property had not been insured, complainant took out a policy on November 1, 1899. The present suit is upon the policy taken out by the agent.

It will be observed from the allegations of the bill, which of course are admitted to be true on demurrer, complainant neglected from October 11, 1899, to November 27, 1899, to take any steps to ascertain from the agent whether he had procured a policy for him as he had directed, but that in the meantime he undertook to insure the property himself.

The position assumed by complainant is that inasmuch as he did not have actual knowledge of the existence of the prior policy when he took out the second, he therefore did so innocently, and did not thereby forfeit the first policy. But we think the complainant failed to exercise any diligence in ascertaining whether his agent had procured the policy. He had directed his agent to insure the property, and without hearing from him or taking any steps to learn, he undertook to insure the property himself. It is shown from the bill that complainant neglected from October 11 to November 27, when the fire occurred, to

see his agent or communicate with him. It is not charged that the additional insurance was effected with the knowledge or consent of the defendant company.

The law is well settled that additional insurance in violation of the terms of the contract will avoid the policy. *Summerfield* v. *State Ins. Co.,* 8 Lea, 547; *Sugg* v. *Hartford Ins. Co.,* 98 N. C., 143; *Phoenix Ins. Co.* v. *Copeland,* 86 Ala., 551; 13 Am. & Eng. Enc. Law (2d Ed.), 300; 3 Joyce on Insurance, Secs. 2457, 2458; *Couch* v. *City Fire Ins. Co.,* 38 Conn., 185; 115 N. Y., 279 (S. C., 12 Am. St. Rep., 101); May on Insurance, Sec. 364; Ostrander on Insurance, Sec. 244.

Complainant has ratified the act of his agent by bringing suit on the policy procured by him, and is of course bound by all the terms of the policy, as though he had taken it out himself. Joyce on Insurance, Sec. 4567.

Affirmed.