## W. H. McCLISH v. SUPERIOR FIRE INSURANCE COMPANY.

Western Section. January 28, 1926.

Certiorari denied by Supreme Court May 22, 1926.

1. **Insurance. Notice of loss held sufficient.**

In an action to recover on a fire insurance policy where the evidence showed that the agent of the defendant was notified of the fire the day after it occurred and two or three days later a representative of the company viewed the premises and stated that no further proof of loss would be required, held the company had sufficient notice to comply with the requirements of the policy.

2. **Insurance. Policy of insurance issued through mistake does not avoid liability of insurance company under concurrent insurance clause.**

In an action on an insurance policy where the policy provided that the policy should be void if at the time of loss, the whole amount of insurance on the property should be in excess of the stipulated insurable value and where another policy had been issued on said premises through mistake, held that the original policy was not void.

3. **Insurance. Estoppel. Complainant not estopped to recover on an insurance policy because his attorney brought suit on another policy.**

In an action to recover on an insurance policy where a policy of insurance had been issued on the property by another company through mistake and after a fire, both of the policies were turned over to complainant's attorney who brought suit upon each of them, but upon development of proof dismissed the suit on the policy issued through mistake, held such a suit could not estop complainant to recover on his policy of insurance.

Appeal from Chancery Court, Madison County; Hon. Tom C. Rye, Chancellor.

Affirmed.

Bond & Bond, of Jackson, for appellant.

Essary & Denison, of Lexington, for appellee.

HEISKELL, J. This is a suit by complainant, W. N. McClish, against the defendant the Superior Fire Insurance Company to recover on a policy of insurance insuring him against loss by fire to the amount of $500.

The Chancellor rendered a decree in favor of the complainant for the amount of the policy with interest and costs but declined to grant a recovery for the statutory penalty. The defendant has appealed and assigned errors. The complainant has filed the record for error in order to ask a decree for the penalty.

Defendant's assignments of error are as follows:

The Chancellor erred in holding:

1st. That defendant had received due notice of said loss, and that proper and sufficient proof of loss had been submitted to the defendant company as per contract.

2nd. That there was no legal, double or concurrent insurance held upon the property insured.

3rd. That the proof was sufficient to warrant a recovery in this cause.

4th. The Chancellor erred in taxing the defendant with the cost of the cause.

There is no finding of facts by the Chancellor and none asked for by the appellant. It may well be doubted whether upon such a record a reversal can be claimed in any case based upon an erroneous finding of fact. However, as to the first assignment it does appear from the proof that the agent of defendant was notified of the fire the day after it occurred and two or three days later a representative of the company came, viewed the premises, and said it was a total loss and no further proof of loss would be required. It further appears from the proof that when demand was made by letter upon the defendant for payment the only reason given for refusing to pay was that there was other insurance on the property. The first assignment of error is overruled.

The second assignment claims error because there was double or concurrent insurance on the property in question, and the Chancellor did not so hold. The policy sued on contains this provision:

"And this policy shall be void if at the time of a loss the whole amount of insurance on the property described under any of said items shall be in excess of such stipulated insurable value, it being understood that concurrent insurance is hereby permitted to an amount including this policy, not exceeding said insurable value."

The insurable value was fixed at $500.

The complainant denies that there was any other insurance upon the property. The facts are these. The policy sued on was issued on or about July 6, 1923, and covered the house on Lot No. 7 Meadow street, Jackson, Tennessee. Afterwards in December, 1923, C. A. Thomas, a son-in-law of complainant, arranged with W. A. Poole, local agent of the National Liberty Insurance Company to insure certain houses of complainant on Meadow street. Thomas at the time told Poole that the house on Lot 7 had been insured in

the Superior Fire Insurance Company and not to include it in the policies to be issued. Poole understood this at the time but, by mistake did include the house on Lot 7 in the National Liberty Company policies. Thomas failed to take up the policies and they remained in the hands of Poole until March 13, 1924, when they were taken up by Thomas and turned over to complainant about eight o'clock on the night of March 13, 1924. Complainant and Thomas looking over these policies discovered that by mistake Poole had written insurance on house on Lot 7 and complainant told Thomas to see Poole and have it cancelled. About one o'clock that night, that is 1 a. m. March 14, the house burned before Thomas had an opportunity to see Poole. The next morning March 14, Thomas saw Poole and called his attention to the mistake, also told him of the fire. Poole said let the matter rest until the adjustors of the two companies could come. The situation was explained to the two adjustors, a few days later. The National Liberty representative insisted that his company was not liable, but the adjuster for the Superior doubted, and nothing was done. Afterwards the two policies were turned over by complainant to his attorneys and they brought suit on both of them. Later the suit on the second policy, that of the National Liberty Company, was dismissed. Under these facts the complainant insists that no additional insurance was taken out.

It is well settled that if complainant can be held to have taken out the second policy he cannot recover in this case. Smith v. Ins. Co., 1 Higgins, 721; Summerfield v. Ins. Co., 8 Lea, 547; Arnold v. Ins. Co., 106 Tenn., 529.

The defendant insists that the last case, supra, is in point and that under it the Chancellor should have held the policy sued on in his case void. In that case Arnold v. Ins. Co., the complainant directed his agent to take out insurance which the agent did, and complainant afterwards without knowledge that the agent had procured insurance and without inquiring about the matter, took out other insurance. The court held the complainant could not recover on the first policy. Even if he did not know that his agent had taken out the first policy, it was negligence not to inquire. The first policy was taken out by his direction and he himself took out the second policy. That is different from the present case. Here the second policy was not directed or authorized by anyone. It was purely a mistake of the agent Poole and complainant directed it cancelled as soon as he discovered it.

It is argued, however, for the defendant that complainant brought suit on the second policy and thereby ratified it. This could operate in only two ways—as evidence to show that the second policy was not issued by mistake, or by way of estoppel. Complainant

is supported in his conclusion that he did not take out second insurance by both Thomas and Poole and there is no other testimony. There is no controversy as to Poole's mistake. The suit did not change this fact. As to the defendant there is no element of estoppel because the act of complainant in bringing suit on the second policy put the defendant in no worse or different position. It was natural enough to turn over both policies to complainant's attorneys. When the proof developed in the present case, the suit on the second policy was dismissed. We do not see that this suit can affect the result. The second assignment is overruled.

The third and fourth assignments of error are merely incidental to the others and are overruled.

The complainant files the record for error because the Chancellor refused to allow complainant the penalty. There was no error in this. There was apparently, at least, a second policy. The cases hold that the second policy under provisions such as those in the policy here sued on precludes a recovery. The defendant company could not know beforehand just what the proof would develop. The decree cannot be reversed because the Chancellor in the exercise of his discretion decreed against the penalty. It results that the decree is in all things affirmed.

Owen and Senter, JJ., concur.