## Mrs. E. J. Gough *v.* Insurance Company of North America.

### (*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. FIRE INSURANCE. EXCESS VALUE CLAUSE.

The provision "this policy shall be void if at the time of a loss the whole amount of insurance on property described under any of said items shall be in excess of such stipulated value," when placed in a fire insurance policy, is valid. (Post, p. 548.)

Citing: Haverly v. Fire Ins. Co., 138 Tenn. (11 Thomp.), 551; Arnold v. Insurance Co., 106 Tenn. (22 Pickle), 529; Somerfield v. Insurance Co., 76 Tenn. (8 Lea), 547; Smith v. Insurance Co., 1 Civ. App., 721; 26 C. J., 187.

2. FIRE INSURANCE. EXCESS VALUE.

Where it appears that the agent of the owner of a house had procured a policy of insurance on said house for an amount less than its value, and had later procured another policy on the same property through an oversight, without the authority or assent of his principal, and where the owner knew nothing about, an excess value clause in the policy at the time of the fire and had no knowledge of the issuance of the second policy, the issuance of said second policy would not preclude a recovery. (Post, p. 549.)

3. FIRE INSURANCE. RIGHTS OF PARTY. AGENCY.

Where it appears that the agent of owner of a house had taken out two policies of insurance aggregating more than the value of the property destroyed by fire, the second of which was taken out through error, the burden of establishing the fact that the owner had ratified the act of her agent in procuring the second policy and that she had such notice of the issuance thereof as to charge her with negligence in failing to investigate and find out whether

the property was doubly or over-assessed is upon the insurance company. (Post, p. 549.)

**4. FIRE INSURANCE. RIGHTS OF PARTIES. RATIFICATION.**

The rights of the parties to a fire insurance policy are fixed at the time of the fire. (Post, p. 549.)

Citing: Morristown Furn. Co. v. People's Nat. Fire Ins. Co., 149 Tenn. (22 Thomp.), 226; Taylor v. Fire Ins. Co., 140 Tenn. (13 Thomp.), 152; McClish v. Fire Ins. Co., 2 Tenn. App., 560.

Distinguishing: Arnold v. Ins. Co., 106 Tenn. (22 Pick.), 529.

**5. AGENCY. RATIFICATION OF UNAUTHORIZED ACTS.**

As a general rule, in order that a ratification of an unauthorized act or transaction of an agent may be valid and binding, it is essential that the principal have full knowledge at the time of the ratification of all material facts and circumstances relative to the unauthorized act or transaction. (Post, p. 549.)

---

## FROM SULLIVAN.

---

Appeal from the Chancery Court of Sullivan (Kingsport, Tenn.) County.—Hon. S. E. Miller, Chancellor.

Burrow & Burrow, for complainant, appellee.

B. S. Gore and Johnson & Cox, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

This is a suit to recover $5000 on a fire policy. In 1922 Mrs. Gough purchased a house and lot near Kingsport, taking title to herself and husband. This property was purchased with money received from the estate of her grandfather, Patrick Hagan. The house was worth $7000 or $8000. Mr. and Mrs. Gough occupied the house as a

home for a short time, then moved to Johnson City, and later to Lexington, Kentucky, which was prior to February, 1924, where they were living when the bill was filed in this cause in August, 1926.

C. F. Hagan lived in Bristol, Virginia. He was the uncle of Mrs. Gough and trustee of the Patrick Hagan estate.

From this record it appears that Hagan was the agent of Mrs. Gough for the purpose of effecting insurance upon said house. On February 26, 1924, he procured a three-year fire policy on said building from the defendant. He paid the premium of $112.50 and charged it to Mrs. Gough, with whom he kept an account. Theretofore the policies had been issued for a period of only one year.

On February 26, 1925, and while said policy had two years to run, he purchased another policy on said house for $5000 in the Hartford Fire Insurance Company for a period of one year. He paid the premium of $45 and charged same to Mrs. Gough.

Both the Chancellor and the Court of Appeals have found that this was done through mistake and upon belief that the policy issued by the defendant had expired.

*(1)* The house was totally destroyed by fire on December 31, 1925. The insurable value of said house was stipulated in the policy in suit at $5000. The policy contained this provision, in conformity with section 1, chapter 447, Acts of 1909, to-wit:

". . . this policy shall be void if at the time of a loss the whole amount of insurance on property de-scribed under any of said items shall be in excess of such stipulated value."

Such a provision is valid. *Haverly* v. *Fire Ins. Co.,* 138 Tenn., 551; *Arnold* v. *Insurance Co.,* 106 Tenn., 529;

*Somerfield* v. *Insurance Co.,* 76 Tenn., 547; *Smith* v. *Insurance Co.,* 1 Civ. App., 721; 26 C. J., 187.

(2) The Chancellor and the Court of Appeals concurred in finding that Hagan procured this second policy without the authority or assent of his principal. They likewise concurred in finding that Mrs. Gough knew nothing about the provisions of said policy at the time of the fire. The Chancellor found that Mrs. Gough had no knowledge at the time of the fire that a second policy had been issued. The Court of Appeals found that she had such knowledge.

The other courts having found that Hagan exceeded the scope of his agency in procuring the second policy, it would seem that Mrs Gough did not procure concurrent insurance, and, nothing further appearing, would be entitled to a decree for the face value of the policy with interest.

(3) The defendant insists, in the first place however, that complainant ratified the act of her agent in procuring the second policy; and, second, that she had such notice of its issuance as to charge her with negligence in failing to investigate and find out whether the property was doubly or over insured.

The burden of establishing these defenses would be upon the defendant.

(4) With regard to ratification the rights of the parties are fixed at the time of the fire. *Morristown Furn. Co.* v. *People's Nat. Fire Ins. Co.,* 149 Tenn., 226; *Taylor* v. *Fire Ins. Co.,* 140 Tenn., 152; *McClish* v. *Fire Ins. Co.,* 2 Tenn. App., 560.

(5) In 2 C. J., 476, it is said:

"As a general rule, in order that a ratification of an unauthorized act or transaction of an agent may be valid

and binding, it is essential that the principal have full knowledge, at the time of the ratification, of all material facts and circumstances relative to the unauthorized act or transaction.''

The other courts have concurred in finding that Mrs. Gough did not know the facts at the time of the fire. It follows that there was no ratification.

Was Mrs. Gough guilty of such negligence as to bar a recovery?

In considering this question it is proper to state that we find the equities are with the complainant. The provision of the policy invoked by the defendant is a very salutary one, and has for its purpose the prevention of over insurance, which, in many instances, tempts the insured to commit arson. But here the wrongful intent did not exist. Neither complainant nor Hagan knew that the property was doubly insured until after the fire. In these circumstances the court should not charge the complainant with negligence unless it be clearly proven. There is no direct proof that Mrs. Gough knew that concurrent insurance in excess of the insurable value of the property existed. These policies were procured by Hagan and filed in his office. One was effected February 26, 1924, and the other February 26, 1925. Mrs. Gough had theretofore been procuring insurance for a year at a time.

After the fire Mr. Gough telegraphed Hagan to know the amount of insurance on the house. If he and his wife knew that there were two concurrent $5000 policies why this inquiry? Hagan replied that there was $5000. Gough replied by letter indicating that their account had been charged with two premiums, but still indicated that he and his wife did not know the amount of insurance carried on the house.

Mr. Hagan testified that he had no regular time for submitting statements to complainant as to the *status* of her account.

On January 6, 1926, Mr. Gough, it seems, had some statements before him showing premiums paid at different times, but he was unable to determine therefrom the amount of insurance carried at the time of the fire.

Assuming that Mrs. Gough noticed on these statements that she was charged with a premium in February, 1924, and another in February, 1925, there is nothing to show that she knew that these covered concurrent policies. These statements were likely rendered a year apart, and when complainant saw the last one she had probably forgotten the items on the first one. Most likely she had confidence in her uncle and quite naturally assumed that he would not be guilty of an act that would avoid her insurance. When the fire occurred then it was that Mr. Gough undertook to ascertain from the statements rendered by Hagan the amount of insurance carried, but was unable to do so.

We think, in these circumstances, Mrs. Gough acted as any person of ordinary prudence would have acted. It is very easy to look back after an event has happened and see how it might have been avoided. But the matter has to be viewed from the situation as it appeared to the parties at the time. There is no basis for saying that Mrs. Gough knew that her dwelling was insured for $10,000, or that she so much as had a suspicion that such was the fact. In reality she was wholly ignorant that such was the case.

We are, therefore, unable to concur with the Court of Appeals in their finding that the complainant was guilty of such negligence as to preclude a recovery.

The instant cause is wholly unlike the case of *Arnold* v. *Insurance Co.*, 106 Tenn., 529. In that case the complainant instructed his agent to procure insurance on certain goods, which he did on October 11th. On November 1st thereafter, and without having made any inquiry of his agent as to whether he had insured said goods, the complainant effected another policy of insurance on said goods, which were destroyed by fire on November 27th following. From the day that complainant instructed his agent to obtain the insurance until the goods were destroyed by fire he had made no inquiry of his agent, which the court held constituted such negligence as to preclude a recovery.

The Chancellor granted complainant a recovery for the face value of the policy with interest. In the Court of Appeals the decree of the Chancellor was reversed and the bill dismissed.

For the reasons stated herein, the decree of the court of Appeals will be reversed and that of the Chancellor affirmed.