JACKSON BUILDING & LOAN ASS'N *v.* SVEA FIRE & LIFE INS.
Co. *et al.*

(*Jackson,* April Term, 1938.)

Opinion filed May 28, 1938.

JOHN F. HALL and L. L. FONVILLE, both of Jackson, for appellant.

CHAS. M. BRYAN, of Memphis, W. P. Moss, of Jackson, and REBER BOULT and TRABUE, HUME & ARMISTEAD, all of Nashville, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The residence of E. W. Rice, mortgaged to Jackson Building & Loan Association, was destroyed by fire January 2, 1933. Rice's deed of trust of August 30, 1928, required him to keep the property insured for the benefit of the Association and upon his failure to observe that requirement that the Association should procure insurance at Rice's expense. When the deed of trust was executed, the property was insured under a policy that expired January 15, 1930. On that date, January 15, 1930, Mr. Baldridge, secretary for the Association, insured the property for $1,500 with the Svea Fire & Life Insurance Company for a term of three years, and Rice was charged with the premiums. For some years before that Rice had carried insurance on three or four houses he owned through the agency of Mr. Bumpus at Jackson and it appears from the record that the house destroyed by fire was reinsured by the Bumpus agency without any loss payable clause for the benefit of the Building & Loan Association.

December 1, 1932, the policy issued to Rice by the Bumpus agency was cancelled for non-payment of premiums. December 27, 1932, Rice applied to Bumpus for a policy and one was issued in the American Union Fire Insurance Company, covering the house already insured by

Svea Fire & Life Insurance Company. Rice insured the house with the Bumpus agency for $1,500 and, in addition, $500 on the contents. Both policies contained a provision declaring them void should other insurance be carried without written consent of the Company.

After the building was burned, the Association, as mortgagee, recovered from Home Insurance Company, underwriter for Svea Insurance Company, $1,500, the sum of the policy issued January 15, 1930. In this proceeding Rice filed a cross-bill and sought recovery upon the policy issued by American Union Fire Insurance Company on December 27, 1932.

The chancellor dismissed the cross-bill on the ground that the policy taken out by Rice violated the double insurance provision. The chancellor also held that Rice had no beneficial interest in the policy taken out by the Association as mortgagee and declared the Home Insurance Company entitled to subrogation to the rights of the mortgagee Association and awarded recovery against Rice.

The Court of Appeals held that the policy issued upon request of the Association was not only for the benefit of the mortgagee, but also for the benefit of the mortgagor, and ruled that the doctrine of subrogation was erroneously applied by the chancellor. That question is not before the court. The Insurance Company filed no petition.

The cause is here upon Rice's petition to review the judgment of the Court of Appeals and the chancellor, denying him a recovery upon the American Union policy issued December 27, 1932.

There is no direct evidence that Rice knew that the mortgagee carried insurance on the property. But the

secretary of the Association and his stenographer both testified that when policies were put on the property of borrowers, notice was given the borrower and he was charged with the premium, and that Rice paid the premium on the policy issued January 15, 1930. This policy had been in force for nearly three years before the day of the fire, which occurred January 2, 1933, and would have expired January 15, 1933. Both courts found that Rice was negligent in failing to ascertain the fact that the mortgagee carried insurance on the house and that he could not recover under the rule stated and applied in *Arnold* v. *Insurance Company,* 106 Tenn., 529, 61 S. W., 1032.

██ We concur in the statement of the Court of Appeals that the circumstance that Rice was charged with the premium paid for him by the mortgagee nearly three years before the fire supports the conclusion of negligence; and that he was also charged with notice by a provision of the deed of trust requiring insurance by a policy with a loss payable clause for the benefit of the mortgagee.

There is no evidence in the record that any of the policies procured by Rice from Mr. Bumpus contained any provision for the benefit of the mortgagee. It does not appear that the policy cancelled December 1, 1932, contained any such clause, and the policy issued on Rice's request December 27, 1932, makes no provision for the benefit of the mortgagee. So, from January 15, 1930, the only protection of the mortgagee by insurance was the policy carried by it. That policy was issued to Rice, but with a provision for loss payable to the mortgagee as his interest might appear.

The foregoing circumstances are sufficient to show that

Rice knew, or was grossly negligent in not knowing, that the property was insured when he procured the second policy. See *Gough* v. *Insurance Co.,* 157 Tenn., 546, 547, 11 S. W. (2d), 887. Rice's answer to this is that the duty of inquiry was not upon him but upon the Association and that he, owing no duty, was guilty of no negligence in carrying the duplicate insurance. We find no merit in that contention. He is bound by his contract with the Insurance Company that forbade him, carrying double insurance without written consent.

The $1,500 recovered under the policy carried by the mortgagee was sufficient to cover the maximum value of the building. The only benefit that could inure to Rice under the American Union policy, if he could recover at all, would be for the value of the contents of the house. His loss on the house was satisfied by payment under the first policy. The second policy, being void because violative of the provision forbidding duplicate insurance, affords no basis for his recovery for loss of the chattels. The additional policy covering the period from December 27, 1932, to December 27, 1933, insuring the house for $1,500 and the contents for $500, a total of $2,000, for a premium of $16, provided:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property carried in whole or in part by this policy."

Upon the question of whether such a policy is severable so as to authorize recovery upon it, for the chattels insured, it is said in *Smith* v. *Insurance Co.,* 1 Higgins (Tenn. Civil App.), 721: "While there has been

some diversity of opinion, the weight of authority seems to be that there is double insurance if the two policies cover any part of the same subject matter.'' Citing authorities, among them *Manufacturing Co.* v. *Insurance Co.,* 11 U. C. Q. B., 516, where it was held that there could be no recovery on a policy covering a building, machinery, and stock in separate sums and another policy on the building and machinery but not upon the stock. The court also cited *Associated Firemen's Insurance Co.* v. *Assum,* 5 Md., 165, where it was held that the insurance of $700 on books and $300 on musical instruments is violated *in toto* by other insurance on one of the classes of property. *Smith* v. *Insurance Co., supra,* is the only case in Tennessee where this question is discussed.

In *Mortt* v. *Insurance Co.,* 192 N. C., 8, 133 S. E., 337, 47 A. L. R., 645, it was held that a policy on a building and contents for separate amounts is indivisible where the risk is identical and the premium entire. *Coggins* v. *Insurance Co.,* 144 N. C., 7, 56 S. E., 506, 8 L. R. A. (N. S.), 839, 119 Am. St. Rep., 924. In accord with that view are *Johnson* v. *Insurance Co.,* 3 Ga. App., 430, 60 S. E., 118; *Carleton* v. *Insurance Co.,* 109 Me., 79, 82 A., 649, 39 L. R. A. (N. S.) 951. It is said in the latter case that a double insurance on a building and contents, if void on account of prior insurance on the building, is also void as to the personalty, the entire contract being void. The idea running through the cases approving this rule is that when the parties agree that the entire contract shall be void if the provision against double insurance is violated, that the insurance on the personalty cannot be severed from the insurance on the realty because the risk on the different classes

of property covered by the policy is the same, and where the risk is identical and the premium entire, the contract is indivisible. Affirmed.