# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### June 20, 2001 Session

## SUSAN WEISS, ET AL. v. STATE FARM FIRE & CASUALTY COMPANY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 306126 T.D.     John R. McCarroll, Jr., Judge**

---

**No. W2000-02506-COA-R3-CV - Filed August 21, 2001**

---

The Weisses procured supplemental insurance from State Farm through its agent, Mr. Brooks. In procuring such insurance, Mr. Weiss rejected uninsured/underinsured motorist coverage. Mrs. Weiss was involved in an automobile accident wherein she sustained damages exceeding the amount covered by her insurance policy. As the other driver involved in the accident was either uninsured or underinsured, the Weisses sought recovery from State Farm. State Farm denied the claim, determining that the Weisses did not have coverage under their umbrella policy. The Weisses brought an action against State Farm and Mr. Brooks. State Farm and Mr. Brooks filed a motion for summary judgment, which the trial court granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

R. Douglas Hanson, Memphis, Tennessee, for the appellants, Susan Weiss and Joseph L. Weiss.

George T. Lewis, III, and Lori Hackleman Patterson, Memphis, Tennessee, for the appellees, State Farm Fire & Casualty Co. and Larry O. Brooks.

## OPINION

Joseph L. Weiss (Mr. Weiss) and Susan Weiss (Mrs. Weiss, collectively the Weisses) maintained an automobile insurance policy with State Farm Fire & Casualty Company (State Farm) with coverage in the amount of $100,000 per person/$300,000 per occurrence and with the same amounts in force for uninsured/underinsured motorist (UM) coverage. In 1993, Mr. Weiss purchased from State Farm agent, Larry O. Brooks (Mr. Brooks), a personal liability umbrella policy in the amount of $1,000,000, wherein both Mr. Weiss and Mrs. Weiss were named insured. Mr. Brooks offered Mr. Weiss the option of purchasing UM coverage in amounts that would match the Weisses'

liability coverage under the umbrella policy, but Mr. Weiss expressly rejected such. Mr. Weiss relied upon Mr. Brooks to keep him advised of necessary coverages and limits to make sure his family was fully insured. Mr. Brooks provided the Weisses with advertisements and brochures concerning additional and important coverages; however, he did not notify the Weisses regarding UM issues.

In December of 1998, Mrs. Weiss was involved in an automobile accident with Brian Wilson (Mr. Wilson). As a result, Mrs. Weiss sustained injuries and incurred medical bills of approximately $350,000, which exceeded the Weisses' $100,000 per person UM coverage. Because Mr. Wilson was either uninsured or underinsured, the Weisses made a claim to State Farm under their insurance policy. State Farm denied coverage under the umbrella policy. As a result, the Weisses brought an action against State Farm and Mr. Brooks, alleging various breaches of duties owed by insurance agents and companies, violation of the Tennessee Consumer Protection Act, and statutory violations governing UM coverage. State Farm and Mr. Brooks filed a motion for summary judgment, which was granted by the trial court. In its grant of summary judgment to State Farm and Mr. Brooks, the trial court determined that State Farm and Mr. Brooks did not have a duty to sell the Weisses more coverage than they requested or selected; that Mr. Weiss's rejection of UM coverage on the umbrella policy was effective to also reject such coverage on behalf of Mrs. Weiss; and that Mr. Weiss's claim of loss of consortium, as well as the Tennessee Consumer Protection Act claims, were inapplicable. This appeal followed.

The Weisses raise the following issues, as stated in their brief, for this court's review:

1.      Whether Joseph Weiss had actual or apparent authority to waive or reject Susan Weiss' right to uninsured motorist coverage under the umbrella policy.

2.      Whether Susan Weiss made a knowing and intelligent waiver of uninsured motorist coverage under [the] umbrella policy.

3.      Whether there exist[s] an issue of fact as to whether Larry Brooks and State Farm owed a duty to Susan Weiss to make sure she understood her available insurance coverages.

4.      Whether State Farm and Larry Brook[s'] failure to advise Mrs. Weiss as to her level of uninsured motorist coverage was a cause in fact of her damages.

This appeal is from a grant of summary judgment in favor of the defendants, State Farm and Mr. Brooks. Summary judgment is appropriate if no genuine issues of material fact exist and the movant proves it is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03. On appeal, we must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in its favor and discarding all countervailing evidence. *See Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993)).

Since our review concerns questions of law, we review the record *de novo* with no presumption of correctness of the judgment below. *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

### *Actual or Apparent Authority*

The facts are undisputed that in 1993, Mr. and Mrs. Weiss discussed and decided to procure supplemental automobile insurance coverage in the form of an umbrella policy in the amount of $1,000,000. Mr. Weiss met with Mr. Brooks regarding the umbrella policy, and when asked by Mr. Brooks whether he wished to have UM coverage under the umbrella policy, Mr. Weiss expressly rejected such. Mr. Weiss regularly handled all the transactions pertaining to insurance, and neither Mr. Weiss nor Mrs. Weiss dispute that Mr. Weiss had the authority to procure such insurance. Rather, the Weisses contend that Mr. Weiss did not have the authority to reject UM coverage on Mrs. Weiss's behalf.

Section 56-7-1201(a)(2) of the Tennessee Code states, in pertinent part, as follows, "*[A]ny* named insured may reject in writing such uninsured motorist coverage completely or select lower limits of such coverage . . . . Any document signed by the named insured or legal representative which initially rejects such coverage or selects lower limits *shall be binding upon every insured to whom such policy applies* . . . ." Tenn. Code Ann. § 56-7-1201(a)(2) (2000) (emphasis added). Based upon this language, the Weisses, in their brief, state that the issue before us, then, is whether Mr. Weiss acted as Mrs. Weiss's legal representative in rejecting or waiving her uninsured motorist coverage. We find such issue to be without merit.

The umbrella policy procured by Mr. Weiss listed both Mr. Weiss and Mrs. Weiss as the named insured. Because both Mr. Weiss and Mrs. Weiss are named insured, they can act on behalf of the other and bind the other to the terms of the insurance policy. Further, we note that Mrs. Weiss indeed ratified her husband's decision to reject UM coverage.

Ratification is considered valid and binding if the principal has, at the time of ratification, full knowledge of the material facts and circumstances surrounding the unauthorized act. *See Webber v. State Farm Mut. Auto. Ins. Co.*, ____ S.W.3d ____, No. E1999-01909-SC-R11-CV, 2001 WL 740770, at \*3 (Tenn. July 3, 2001) (citing *Gough v. Insurance Co. of N. Am.*, 11 S.W.2d 887, 888 (1928)). According to her testimony in her deposition, Mrs. Weiss ratified the acts of her husband after obtaining full knowledge of the material facts and circumstances surrounding her husband's rejection of UM coverage:

Q:     When did you become aware that Mr. Weiss had signed those two boxes in the lower left-hand corner rejecting uninsured motorist coverage with respect to the umbrella policy?

A:     After his deposition [February 15, 2000].

. . . .

Q: Do you think your husband was wrong not to have bought the uninsured motorist coverage?

. . . .

A: No, I don't feel like my husband was, no.

Q: Why do you feel that way?

A: Because we didn't have a lot of money then. It would cost a lot more money. We were, you know - -

Ratification, in this case, may also be said to have occurred as a matter of law. Bringing a lawsuit to enforce the terms of a contract evidences the intention of the principal to ratify an otherwise unauthorized contract. *See Webber*, 2001 WL 740770, at *4 ("The law has long been settled that '[b]y bringing an action on the contract a principal will be held to have ratified it, whether the action be against the third person, or against the agent, for the proceeds of the contract.'")(citing *Memphis St. Ry. Co. v. Roe*, 102 S.W. 343, 348 (Tenn. 1907)). Thus, based upon the clear language of section 56-7-1201(a)(2) of the Tennessee Code and upon Mrs. Weiss's ratification of Mr. Weiss's rejection of UM coverage, we find that Mr. Weiss's rejection, as a named insured, was binding on Mrs. Weiss as she was also a named insured to whom the umbrella policy applied.

### *Duties of Insurance Agents and Insurance Companies*

The Weisses ask this court on appeal whether State Farm and Mr. Brooks had a duty to make sure Mrs. Weiss understood her insurance coverage and whether the failure to advise her of her level of UM coverage was a cause in fact of her damages. According to Tennessee law, unless there exists an agreement creating continuing responsibilities, an insurance agent's obligation to a client ends when the agent obtains the insurance asked for by the client. *See* 16 Tenn. Juris. *Insurance* § 8 (2001) (citing *Quintana v. Tennessee Farmers Mut. Ins. Co.*, 774 S.W.2d 630 (Tenn. Ct. App. 1989)). Here, Mr. Weiss met with Mr. Brooks in order to obtain supplemental insurance in the form of an umbrella policy. As part of the umbrella policy, Mr. Brooks offered the Weisses UM coverage in amounts equal to their liability coverage under the umbrella policy. Mr. Brooks recommended this coverage to the Weisses, stating that it was an important coverage and that it was relatively inexpensive. Despite this information, Mr. Weiss expressly rejected such coverage. The record does not demonstrate that the Weisses entered into an agreement with Mr. Brooks continuing Mr. Brooks' responsibilities. Based upon the foregoing facts and law, we find that State Farm and Mr. Brooks did not owe a duty to the Weisses to sell them more coverage than they requested or selected.

Further, we are of the opinion that State Farm and Mr. Brooks did not owe a duty to inform Mrs. Weiss of the coverages selected by her husband; hence the failure of State Farm and Mr. Brooks to do so was not a cause in fact of Mrs. Weiss's damages.

### *Conclusion*

In summary, we have determined that Mr. Weiss's rejection of UM coverage under the Weisses' umbrella policy was binding on Mrs. Weiss. We have further determined that State Farm and Mr. Brooks owed no duty to the Weisses to sell them more coverage than they requested or selected. Based upon the foregoing conclusions, the remaining issues are pretermitted. We hereby affirm the trial court's grant of summary judgment in all respects. Costs of this appeal are taxed to the appellants, Susan Weiss and Joseph L. Weiss, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE