IN THE COURT OF APPEALS FOR THE STATE OF TENNESSEE
MIDDLE SECTION AT NASHVILLE
April 4, 2014, Session

**STEVEN BARRICK and JANICE BARRICK**
**v.**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and**
**THOMAS HARRY JONES**

**Direct Appeal from the Circuit Court for Williamson County**
**No. 09470     Derek Smith, Judge**

**No. M2013-01773-COA-R3-CV - Filed June 27, 2014**

This appeal arises from a trial court's judgment granting State Farm Mutual Automobile Insurance Company ("State Farm") and Agent Thomas Harry Jones' motion for summary judgment and dismissing the Barricks' action for negligence and violation of the Tennessee Consumer Protection Act. The Barricks held automobile insurance coverage through State Farm, with Thomas Jones as their agent, from 1985 until 2009, and their coverage limits remained the same throughout this period. The Barricks sued, claiming State Farm and Jones had a duty of care to advise the Barricks of their need for increased coverage. The Barricks now appeal, arguing the trial court erred in dismissing their claims. We affirm the trial court's decision to grant summary judgment regarding the negligence claim.  We reverse the trial court's judgment based on the assumption of duty, which the trial court did not directly address, and the Tennessee Consumer Protection Act claims, since State Farm and Mr. Jones cannot meet their burden under *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008), in these claims.  We also reverse the trial court's summary judgment in favor of State Farm for vicarious liability and failure to supervise in regard to the alleged assumption of duty by the agent.

**Direct Appeal; Judgement of the Circuit Court**
**Affirmed in Part and Reversed in Part**

1

DON R. ASH, SR. J., delivered the opinion of the Court, in which DONALD HARRIS, SP. J., and JAMES MARTIN, SP. J., joined.

William D. Leader, Jr., and Paul J. Krog, Nashville, Tennessee, for the appellants, Steven and Janice Barrick.

Brigid M. Carpenter, Nashville, Tennessee, for the appellees, State Farm Mutual Automobile Insurance Company and Thomas Harry Jones.

**OPINION**

**Factual and Procedural Background**

Janice and Steven Barrick had insurance with State Farm from the time of their marriage in 1985. On August 9, 2008, the insureds' son, who was included in their coverage and was driving a vehicle registered to Mr. Barrick, struck a motorcyclist, who died at the scene of the collision. The motorcyclist's survivors filed a complaint for negligence and vicarious liability against the Barricks, which was subsequently settled for $200,000. The Barricks' policy with State Farm had limits for bodily injury of $100,000 per person and $300,000 per occurrence. As such, the Barricks paid $100,000 in excess of their insurance coverage to the survivors.

On August 7, 2009, the Barricks filed a complaint against State Farm and their agent, Thomas H. Jones, alleging negligence. State Farm and Mr. Jones filed a motion to dismiss this complaint. The Barricks subsequently amended their complaint on two occasions. The second amended complaint alleged negligence and Mr. Jones had a special relationship with the Barricks whereby he not only recommended but also selected liability coverage and limits for their policies creating additional duties beyond those of an insurance agent. In their second amended complaint, the Barricks also make claims against State Farm alleging it to be vicariously liable for Mr. Jones' negligence, negligent training and supervision of Jones, and violation of the Tennessee Consumer Protection Act.

The Barricks allege Mr. Jones selected the terms of the Barricks' policy coverage and limits on all the Barricks' policies during the time they bought insurance from him. This, the Barricks claim, is due to Mr. Jones assuming responsibility for selecting appropriate coverage and the special relationship between the Barricks and Mr. Jones.

2

The Barricks never requested different coverage or limits within this period, and their vehicle coverage remained the same throughout their relationship with Mr. Jones and State Farm.

Mr. and Mrs. Barrick each testified by deposition and affidavit they never selected the coverage or limits on their insurance policies and were never advised to increase their limits or to obtain an umbrella policy. Had they been so advised, they would have done so. Each insured testified to their lack of knowledge regarding their automobile insurance policies and reliance upon Mr. Jones to provide them with adequate coverage. The Barricks' testified their homeowner policies were changed by Mr. Jones after they purchased new homes; their first home insured by State Farm having coverage of $300,000, the second $100,000, and the third $500,000.

On March 19, 2012, the trial court heard a motion for summary judgment filed by State Farm and Mr. Jones. The trial court granted summary judgment in favor of Mr. Jones and State Farm finding State Farm and Mr. Jones affirmatively negated the element of duty within the Barricks' claim or established the element of duty could not be proved at trial. Further, the court found Mr. Jones' duty to the Barricks ended when he obtained insurance for the them, and Mr. Jones did not owe the Barricks the duty to select appropriate coverages as alleged in the second amended complaint. As to State Farm, the court found no duty owed to the Barricks had been breached.

The Western Section of this Court heard plaintiffs' appeal on November 14, 2012, and remanded for failure to appeal a final judgment, as the Barricks' claim for violation of the Tennessee Consumer Protection Act was pending or not otherwise addressed in the order granting summary judgment. State Farm and Mr. Jones subsequently filed a motion for summary judgment on the Tennessee Consumer Protection Act claim. The trial court granted the motion and entered an order on July 25, 2013, finding, because the trial court had previously found State Farm and Mr. Jones owed no duty to the Barricks as a matter of law, the failure to select appropriate coverages and limits could not be unfair or deceptive under the law. The Barricks filed a notice of appeal to this court on August 2, 2013.

On appeal, although not stated exactly as such, the Barricks present four (4) issues for review:

1) whether the trial court erred in granting summary judgment on the on the Barrick's claim Mr. Jones neglected his duty as an insurance agent;

2) whether the trial court erred in granting summary judgment on the Barrick's claims regarding Mr. Jones' assumption of duty and special relationship with them;

3) whether the trial court erred in granting summary judgment on the Barrick's claims against State Farm for vicarious liability and failure to properly supervise and train Jones; and

4) whether the trial court erred in granting summary judgment on the Barrick's claims under the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. § 47-18-101, *et seq.*

## Standard of Review

The standard of review for a determination of a summary judgment is *de novo* without any presumption of correctness accorded the trial court's judgment. *See McClung v. Delta Square Ltd. P'ship,* 937 S.W.2d 891, 894 (Tenn.1996); *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997). In deciding a motion for summary judgment, this Court is tasked to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn.1993). *See also Guy v. Mutual of Omaha Ins. Co.,* 79 S.W.3d 528, 534 (Tenn.2002); *CitiMortage, Inc. v. Drake*, 410 S.W.3d 797, 803 (Tenn. Ct. App. 2013), appeal denied (Aug. 14, 2013).

## Analysis

This matter was appealed by the Barricks after the trial court granted summary judgment in favor of State Farm and Jones. The trial court granted summary judgment on June 14, 2012, regarding the negligence claims of the Barricks due to State Farm and Jones having "affirmatively negated an essential element of Plaintiffs' negligence claim, specifically the element of duty, and in the alternative have shown the negligence claim cannot be proven at trial." With regard to the Barricks' claims under the Tennessee Consumer Protection Act, the trial court ruled, as it had already found State Farm and Jones owed no duty to the Barricks', "the alleged failure to take such actions cannot be unfair or deceptive under the TCPA as a matter of law." In review of the issues on appeal, this court will first address the appropriate summary judgment standard for this matter.

## I. Summary Judgment under *Hannan et. al. v. Alltel Publishing Company*

In a summary judgment action, the movant must either affirmatively negate an essential element of the nonmoving party's claim or show the nonmoving party cannot prove an essential element of the claim at trial. In *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8 (Tenn. 2008), the Supreme Court of this State clearly distinguishes the burden of production for motions of summary judgment from the federal one.

The cases prior to *Hannan* show a moving party's burden of production in Tennessee differs from the federal burden. It is not enough for the moving party to challenge the nonmoving party to "put up or shut up" or even to cast doubt on a party's ability to prove an element at trial. *Hannan, citing Blair,* 130 S.W.3d at 768; *Staples,* 15 S.W.3d at 88; *McCarley,* 960 S.W.2d at 588.

In other words, the *Hannan* Court specified the burden is not to "merely point to omissions in the nonmoving party's proof and allege that the nonmoving party cannot prove the element at trial." *Id.* at 10. "Similarly, the presentation of evidence [which] raises doubts about the nonmoving party's ability to prove his or her claim is also insufficient." *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn.2008). If the party moving for summary judgment fails to satisfy its initial burden of production, the court must dismiss the motion for summary judgment as the burden did not shift to the

5

nonmovant. *Hannan,* 270 S.W.3d at 5; *Blanchard v. Kellum,* 975 S.W.2d 522, 525 (Tenn.1998).


## II. Negligence


The trial court specified two undisputed facts in its order for which it based its decision to grant summary judgment in favor of State Farm and Mr. Jones. First, over the period of 20 or 25 yaers, the Barricks procured State Farm Insurance from Mr. Jones continuously. Second, the Barricks received copies of their insurance policies, declarations pages, and renewal notices during this time period. Correctly citing *Weiss v. State Farm Fire & Casualty Company*, 107 S.W.3d 503, 506 (Tenn.Ct.App.2001) and *Quintata v. Tennessee Farmer's Mutual Ins. Co.*, 774 S.W.2d 630 (Tenn.Ct.App.1989), the court concluded State Farm and Mr. Jones did not owe a duty to the Barricks, as an agent's duty ends when the agent obtains insurance for plaintiffs and properly provides copies, notices, and declarations.


## III. Assumption of Duty


State Farm and Mr. Jones dispute many facts within the statement of undisputed material facts presented by the Barricks in response to State Farm and Jones' motion for summary judgment. In reponse, State Farm and Mr. Jones contend these disputed facts are not material to the issue of duty or to their motion for summary judgment. These disputed facts relate to whether Mr. Jones or his staff selected coverage for the Barricks, whether the Barricks selected their own coverage, whether Mr. Jones or his staff changed the coverage of the Barricks' homeowner's policy when they purchased new homes, whether the Barricks changed or disagreed with selected coverage limits, whether Mr. Jones or his staff advised the Barricks regarding liability exposure, or whether Mr. Jones admitted he selected coverage. The trial court did not address these disputed facts. However, these are facts disputed by the parties which could prove or disprove an issue asserted by the Barricks at trial.


*Bennett v. Trevecca Nazarene Univ.*, 216 S.W.3d 293, 300 (Tenn. 2007) reviews the common law of assumption of a duty as follows:

6

" 'One who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully.' " *Biscan v. Brown,* 160 S.W.3d 462, 482–83 (Tenn.2005) (quoting *Stewart v. State,* 33 S.W.3d 785, 793 (Tenn.2000)).  Our state's courts have applied this principle in a variety of factual contexts.  *See, e.g., id.* at 467, 483 (adult who supervised underage drinkers at a house party assumed a duty of care vis-a-vis a motorist injured in an alcohol-related traffic accident); *Nidiffer v. Clinchfield R.R. Co.,* 600 S.W.2d 242, 246 (Tenn.Ct.App.1980) (railroad had a duty of reasonable care to its employees to select a solvent group life insurance carrier); *cf. Stewart v. State,* 33 S.W.3d 785, 787–88, 793–94 (Tenn.2000) (state trooper did not assume a duty to control the actions of local police officers at the scene of an arrest); *Lett v. Collis Foods, Inc.,* 60 S.W.3d 95, 104 (Tenn.Ct.App.2001) (employer of an intoxicated employee driving home from work did not assume a duty vis-a-vis an injured motorist); *Marr v. Montgomery Elevator Co.,* 922 S.W.2d 526, 529 (Tenn.Ct.App.1995) (maintenance company did not assume a duty via-a-vis a patron who rode on top of an elevator at a tourist attraction).

We have no difficulty applying this well-worn principle to this case. If, as Bennett and Cantley allege, a TNU employee volunteered to Bennett or Cantley that the switchgear carried only 480 volts, then TNU assumed a duty of reasonable care to make certain that this statement was accurate.

Ultimately, the Tennessee Supreme Court in *Bennett v. Treveca Nazerene University* affirmed the Court of Appeals reversal of the trial court's granting of summary judgment.

In their second amended complaint, the Barricks allege Mr. Jones assumed duties "beyond those which attach to an ordinary agent thereby obligating him to advise, select and recommend appropriate liability, umbrella/excess and other insurance with adequate coverage for the Barricks," and, specifically, assumed "a duty to recommend appropriate liability insurance and limits" and "select appropriate liability insurance and limits."  The Barricks further allege these duties were breached by State Farm and Mr. Jones.

As in *Bennett v. Trevecca Nazarene Univ.*, 216 S.W.3d 293 (Tenn. 2007), this court can apply the principle of assumption of duty to this case.  If Mr. Jones regularly recommended and selected coverage for the Barricks, he had a duty to do so with reasonable care.  In applying *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008),

State Farm and Mr. Jones cannot affirmatively negate an element of the Barricks' claim nor can they show the Barricks cannot prove an element of the claim at trial.

Further, because summary judgment is inappropriate regarding the Barricks' claim of assumption of duty, State Farm and Mr. Jones cannot affirmatively negate an element of the Barricks' claim under the Tennessee Consumer Protection Act. If Mr. Jones assumed a duty or negligently assumed a duty, he could have failed to continue to act or negligently acted in such a way to violate the Tennessee Consumer Protection Act.

## IV. Claims against State Farm

The trial court granted summary judgment and dismissed all claims against State Farm in the order granting summary judgment entered on June 14, 2012. In the order, the trial court states this was because State Farm owed no duty to the Barricks' had been breached. In the trial court's order regarding Tennessee Consumer Protection Act claims, the trial court specifically included State Farm as a defendant who owed no duties as a matter of law. Therefore, the trial court concluded, the acts cannot be unfair or deceptive under the Tennessee Consumer Protection Act.

This court agrees Mr. Jones was not negligent based on the standard duty of care of an insurance agent, and as such, agrees State Farm is not vicariously liable for a claim of negligence. Because the claims asserting Mr. Jones assumed a duty survive, the claims alleging State Farm is vicariously liable for his actions or inaction and the claims alleging State Farm failed to supervise Mr. Jones also survive. This court has already addressed the claims against State Farm and Mr. Jones regarding the Tennessee Consumer Protection Act.

## Conclusion

For the reasons stated above, we affirm in part and reverse in part. Specifically, we affirm the trial court's decision to grant summary judgment regarding negligence based

on Mr. Jones' and State Farm's duty of care as an insurance agent. The trial court erred, however, in granting summary judgment based on the assumption of duty claim, which the trial court did not directly address. The trial court erred in granting summary judgment in favor of State Farm for vicarious liability and failure to supervise. Finally, the trial court erred in granting summary judgment based on the Tennessee Consumer Protection Act claim. We remand the case to the trial court for further proceedings consistent with this opinion. Costs are taxed to the Mr. Jones and State Farm and their surety, for which execution may issue if necessary.

_____
DON R. ASH, SENIOR JUDGE